*248
 
 PER CURIAM.
 

 |, Writ granted. JUDGMENTS OF THE COURT OF APPEAL AND DISTRICT COURT REVERSED; PROSECUTION REINSTATED; CASE REMANDED. The statute of limitations for prosecution of defendant in this matter was interrupted under La.C.Cr.P. art. 579(A)(3) by his failure to appear for a pretrial conference in the instant matter in Plaquemines Parish. Defendant was incarcerated in St. Charles Parish on December 30, 2004 for a probation violation, subsequent to the issuance of an arrest warrant by Plaquemines Parish on June 19, 2004. The state did not bear a duty under La.C.Cr.P. art. 578 to monitor the status of the outstanding Plaquemines Parish arrest warrant.
 
 See State v. Romar,
 
 07-2140 at p. 6 (La.7/1/08), 985 So.2d 722, 726-27 (statute interrupting two-year time limit for prosecution of non-capital felony cases if defendant failed to appear at any proceeding pursuant to actual notice did not impose on the state the affirmative duty to search for defendant who had failed to appear for trial after receiving actual notice, even though state ostensibly 12could have found defendant when he renewed his driver’s license with his new address and paid utilities). Therefore, the interruption in the time delays for institution of prosecution ended only when St. Charles Parish authorities contacted officials in Plaquemines Parish, on March 23, 2007, to inform them of defendant’s impeding release and their discovery of the arrest warrant against him in their parish. The state had two years from March 23, 2007, not December 30, 2004, to prosecute defendant for the instant offense. The decisions of the trial court and appellate court to grant defendant’s motion to quash his indictment based on untimely prosecution are reversed. This matter is remanded to the trial court for further proceedings.