WALTER J. ROTHSCHILD, Judge.
|2On June 11, 2004, the Jefferson Parish District Attorney filed a bill of information charging defendant, Thomas J. Cooper, with operation of a motor vehicle while intoxicated (“DWI”), fourth offense, in violation of LSA-R.S. 14:98(E). Defendant failed to appear for arraignment on September 9, 2004, and an attachment for his arrest was issued. On June 17, 2010, defendant appeared in court and pled not guilty to the charge. On the same day, defense counsel filed a motion to quash the bill of information, which was granted after a hearing on January 27, 2011. The State appeals.

FACTS

Because the trial court granted defendant’s motion to quash, the facts in the record are limited to those alleged in the bill of information and those set forth in the parties’ “Joint Notice of Stipulated Facts.” The bill of information alleges that on November 8, 2003, defendant operated a motor vehicle while intoxicated after | shaving been thrice convicted: first, on January 15, 2002, docket number 339-168, in St. Tammany Parish; second, on June 24, 2003, docket number 319-136, in Ascension Parish; third, on June 19, 2003, docket number 362-390, in St. Tammany Parish. A joint notice of stipulated facts was filed on January 12, 2011. The stipulated facts are as follows:
1. Defendant was arrested on November 8, 2003 and March 29, 2004 for driving while intoxicated, in violation of LSA-R.S. 14:98. (DWI)
2. After the November 8, 2003 arrest, defendant received an appearance bond for court on December 18, 2003. On that bond, the defendant listed his address as “737 Heavens Drv 2,” in Mandeville, Louisiana. The record contains no information of what occurred in court on December 18.
3. Defendant was later charged with two counts of DWI (fourth offense) in a bill of information filed on June 11, 2004, by the Jefferson Parish District Attorney’s Office.[1]
4. On June 28, 2004, the St. Tammany Parish Sheriffs Office attempted to serve defendant (for July 28, 2004 arraignment) at the Mandeville ad *406 dress but was unable despite numerous attempts as the occupants of the residence refused to answer the door. The record is silent as to what occurred on July 28, 2004.
5. On August 11, 2004, the St. Tammany Parish Sheriffs Office again tried to serve defendant for court on September 9, 2004 but was unable despite numerous attempts due to the occupant’s refusal to answer the door for the Deputy serving the subpoena.
6. On September 7, 2004, two days before his scheduled court date, defendant was arrested in St. Tammany Parish for battery on a police officer, aggravated assault with a firearm, and disturbing the peace.
7. On September 9, 2004, defendant failed to appear in court in Jefferson Parish. An attachment was issued for his arrest and his bond was forfeited.
8. Neither the Jefferson Parish Sheriffs Office nor the Jefferson Parish District Attorney’s Office had actual notice of defendant’s arrest in St. Tammany Parish.
9. On September 17, 2004, a copy of the judgment of the bond forfeiture was sent to the defendant at the address on the bond by way of certified mail. The judgment of the bond forfeiture was returned “unclaimed.”
|410. On March 22, 2005, defendant pled guilty to the charges resulting from the September 7, 2004 arrest and received a sentence of seven years at hard labor, six years suspended and defendant was placed on active probation for five years (set to expire March 22, 2010) under the supervision and control of the Department of Probation and Parole’s St. Tammany district.
11. On November 24, 2009, defendant was again arrested in St. Tammany Parish for DWI. The Jefferson Parish District Attorney’s Office did not receive any notice regarding defendant’s arrest.
12. On March 4, 2010, in an effort to locate defendants who attached, the District Attorney’s Office ran defendant’s name and discovered he was being held in St. Tammany Parish Prison.
13. On March 12, 2010, defendant’s probation was revoked in St. Tammany and he was sentenced to serve two years in the custody of the Department of Corrections.
14. On March 30, 2010, the District Attorney’s Office filed a Writ of Habeas Corpus Ad Prosequendum to bring the defendant to court.
15. On April 13, 2010, the defendant was sentenced to serve three years in the Department of Corrections as a result of his November 24, 2009 arrest.
16. On May 13, 2010, the defendant was transported from St. Tammany Parish Prison and booked into the Jefferson Parish Correctional Center for his September 9, 2004 attachment.
17. On June 17, 2010, defendant filed a motion to quash based on there being “no record of service [to the defendant] to appear” and the expi-rations of time limitations set out in LSA-C.Cr.P. art. 578.

LAW AND DISCUSSION

On appeal, the State asserts that the trial court erroneously granted defendant’s motion to quash on the basis of prescription. The State acknowledges that defendant was not brought to trial within two *407 years from the institution of prosecution, in accordance with LSA-C.Cr.P. art. 578(A)(2). However, it asserts that it acted diligently to locate and secure defendant’s presence for arraignment in 2004, and its inability to serve defendant constituted an interruption in prescription, |fiwhich did not begin to run anew until the State became aware of defendant’s whereabouts in March of 2010.
Defendant responds that the trial court’s ruling was correct, because the State failed to prove defendant was given notice of the arraignment date or that it was unable to serve defendant despite due diligence. Thus, the State has not proven an interruption of prescription. Defendant further argues that the time period to commence trial tolled while he was in the custody of the State or under the supervision of the State through the Louisiana Department of Probation and Parole.
At the motion to quash hearing, defendant acknowledged that the record shows that a St. Tammany Parish deputy made numerous attempts to serve him at the Mandeville address listed on his bond with notice of arraignment set for September 9, 2004, but the occupants of the residence would not answer the door. However, defendant asserts that there is no indication that he was trying to avoid service, so there was no interruption of the time limit in which to commence trial.
Defendant states that he was subsequently placed in the State’s custody. He was arrested for three offenses in St. Tammany Parish on September 7, 2004. On March 22, 2005, he pled guilty to those charges and was placed on active probation for five years under the supervision and control of the Louisiana Department of Probation and Parole’s St. Tammany district. He claims that he was on active probation with a probation officer, who would have been aware of his open warrant or any attachment for his arrest. He asserts that at least from March 22, 2005 through March 30, 2010, the State knew where he was located but did nothing to see that he was brought to trial. At the hearing on the motion to quash, the defense argued that once he was placed in the State’s custody or under its 1 (¡supervisión, “[a]t that point, the State has to notify the State, or vice-versa, that [he] is now in our custody.”
At the motion to quash hearing and on appeal, the State responds that tolling of the time limit was interrupted after its numerous and diligent attempts to serve defendant. The State asserts that the occupants’ refusal to answer the door made it unable to serve defendant with notice of his September 9, 2004 arraignment, and that defendant should not benefit from his own inaction or attempts to avoid service. It also asserts that interruption did not cease until the Jefferson Parish District Attorney’s office became aware of defendant’s location in St. Tammany prison in March of 2010. It further asserts that defendant’s probation was supervised in St. Tammany Parish, and neither the Jefferson Parish Sheriffs Office nor the Jefferson Parish District Attorney’s Office was notified of his whereabouts. The State claims that if defendant had provided a sufficient address, or if someone had answered the door in response to the numerous attempts made by the deputies, defendant would have been served, but instead, defendant did everything in his power to avoid prosecution.
In support of its position, the State cites State v. Baptiste, 08-2468 (La.6/28/10), 38 So.3d 247. In Baptiste, the Louisiana Supreme Court found that the State did not bear a duty to monitor the status of the outstanding arrest warrant issued for the defendant who failed to appear in court after receiving actual notice of the hearing *408 date. Id. at 1, 38 So.3d at 248. In Baptiste, the defendant was incarcerated in St. Charles Parish approximately six months after the arrest warrant was issued by Plaquemines Parish. The Louisiana Supreme Court found that prescription was interrupted when defendant failed to appear in court, and the interruption of prescription ended when the St. Charles Parish authorities contacted [ 7officiaIs in Plaquemines Parish and notified them of defendant’s impending release, after they discovered the outstanding warrant. Id.
In granting the defendant’s motion to quash, the trial judge noted that defendant was in the custody, or at least under the supervision of the State of Louisiana. He distinguished State v. Baptiste, supra, stating: “There is a distinction between this case and Batiste [sic], which was a situation in which you had two differing parish authorities. And the court in that case said that what was necessary was actual notice. As [defense counsel] argues, this would have been notice from the State by the State.”
As a general matter, the State has two years from the institution of prosecution to commence a trial in a non-capital felony case. LSA-C.Cr.P. art. 578(A)(2). The Louisiana Supreme Court has explained that the “statutory periods of limitation ‘enforce the accused’s right to a speedy trial and ... prevent the oppression caused by suspending criminal prosecutions over citizens for indefinite periods of time.’ ” State v. Romar, 07-2140, p. 3, 985 So.2d 722, 725 (per curiam) (quoting State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1286). The date of institution of prosecution is the date when the bill of information is filed. State v. Smith, 07-959, p. 5 (La.App. 5 Cir. 3/11/08), 982 So.2d 831, 834.
Upon expiration of the time limitation, the court shall, on motion of the defendant, dismiss the indictment and there shall be no further prosecution against the defendant for that criminal conduct. LSA-C.Cr.P. art. 581. A motion to quash is the proper procedural vehicle for asserting an expiration of the time limitations. LSA-C.Cr.P. art. 532(7); Smith, 07-959 at 6, 982 So.2d at 834.
In the present case, the State filed its bill of information on June 11, 2004, and defendant filed a motion to quash on June 17, 2010, claiming the time period for prosecuting him under LSA-C.Cr.P. art. 578 had expired. On its face, ^defendant’s motion to quash appears meritorious. Although prosecution was timely instituted, trial was not commenced within the two-year period provided by LSA-C.Cr.P. art. 578(A)(2).
Once a defendant shows that the State has failed to commence trial within the time periods specified by the general rule governing time limitations for commencement of trial, the State bears a heavy burden to demonstrate that either an interruption or a suspension of the time limit tolled prescription. State v. Morris, 99-3235, p. 1 (La.2/18/00), 755 So.2d 205 (per curiam). LSA-C.Cr.P. art. 579 provides for the interruption of the time limitation for commencing trial, as follows:
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other *409 cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
To satisfy its burden in establishing that an interruption of the prescriptive period has occurred, the State must exercise due diligence in discovering the whereabouts of the defendant as well as in taking appropriate steps to secure his presence for trial once it has found him. State v. Breaux, 05-358, p. 5 (La.App. 5 Cir. 12/27/05), 920 So.2d 274, 277. Once the cause of the interruption ceases, the prescriptive period runs anew. LSA-C.Cr.P. art. 579(B).
lain the present case, although there was no witness testimony produced at the hearing on defendant’s motion to quash, both the State and defendant stipulated in writing to the relevant facts. On both June 28, 2004 and August 11, 2004, despite numerous attempts, the St. Tammany Sheriffs Office was unable to serve defendant at the Heavens Drive address listed on his appearance bond, because the occupants of the residence refused to answer the door. Furthermore, the clerk’s certified mailing of the judgment of bond forfeiture, issued on September 17, 2004, was returned unclaimed from the same address after notices were left on September 18, 22, and October 3, 2004.
Considering the foregoing facts and the applicable case law, we find that the two-year prescriptive period was interrupted pursuant to LSA-C.Cr.P. art. 579(A)(2), because defendant’s presence could not be obtained by legal process and/or because of “cause[s] beyond the control of the state.” Likewise, the fact that the occupants refused to open the door and defendant would not claim his notice of bond forfeiture from the post office further suggests that defendant was purposefully avoiding detection and prosecution under LSA-C.Cr.P. art. 579(A)(1).
The record shows that prescription was interrupted at least by September 9, 2004, which was the final court date at which defendant failed to appear after the attempted service. This interruption clearly came before June 11, 2006, which was the expiration of the original two-year period for bringing defendant to trial. An interruption does not end until the cause for the interruption no longer exists. LSA-C.Cr.P. art. 579(B). Therefore, we now consider at what point the cause for the interruption ceased to exist.
When ruling on the motion to quash, the trial judge noted that defendant was in the custody of or under the supervision of the State of Louisiana, and that notification of defendant’s whereabouts would have been notice by the State to the | mState. As indicated in the joint notice of stipulated facts, defendant was placed on active probation on March 22, 2005 for a term of five years under the supervision of the Louisiana Department of Probation and Parole, St. Tammany district.
The interruption of prescription ceased to exist when defendant was in the custody of or under the supervision of the State of Louisiana, which was at least as of March 22, 2005. We agree with the trial judge that the present case is distinguishable from State v. Baptiste, supra, in which the Louisiana Supreme Court found that the State did not have a continuing duty to monitor the status of an outstanding arrest warrant. In Baptiste, the defendant received actual notice of his hearing date; whereas, here, defendant did not. The Baptiste court found that when a defen *410 dant receives actual notice, there was no duty upon the State to search for the defendant. This holding implies that there is a duty to monitor the status of an outstanding warrant issued on a defendant who did not receive actual notice of a hearing or trial date. The fact that the State did not monitor or check on the outstanding attachment until March 4, 2010, well outside of the time limit to commence trial, suggests that the State failed to make a diligent effort to bring defendant to trial timely.
The trial judge’s ruling on a motion to quash should not be reversed in the absence of a clear abuse of the trial court’s discretion. State v. Love, 00-3347, p. 9-10 (La.5/23/03), 847 So.2d 1198, 1206. Based on the facts and circumstances of the present case, we cannot say that the trial judge clearly abused his discretion in granting the motion to quash. The record shows that defendant did not receive actual notice of his arraignment date, and the State failed to make a diligent effort to bring defendant to trial timely after the interruption ceased.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990). Our review did not reveal any errors that require corrective action.

DECREE

For the foregoing reasons, we affirm the trial court’s ruling granting defendant’s motion to quash the bill of information.

AFFIRMED

GRAVOIS, J., dissents.

. Although the parties stipulated that defendant was charged with two counts of DWI, fourth offense, the June 11, 2004 bill of information only charges defendant with the November 8, 2003 violation.