GRAVOIS, J.,
dissents.
hi respectfully dissent from the majority opinion herein to affirm the trial court’s ruling granting defendant’s motion to quash the bill of information. Rather, for the following reasons, I would reverse the trial court’s ruling and remand the matter for further proceedings.
I agree with the majority’s first finding that the State’s attempts at service on defendant were sufficient to interrupt the running of prescription of the time to bring defendant to trial. However, I respectfully disagree with the majority’s second finding that the prescriptive period began to run again upon defendant’s entering into State custody following his guilty plea in St. Tammany Parish. I respectfully disagree with the majority’s “actual notice” analysis as a basis for finding that the Supreme Court’s opinion in State v. Baptiste, 08-2468 (La.6/23/10), 38 So.3d 247, is distinguishable from this case. Rather, once we find that prescription is interrupted by the State’s sufficient attempts at service (and correspondingly that the arrest warrant against defendant was validly issued), I interpret the Supreme Court in Baptiste to say that the State (here, Jefferson Parish) does not have the continuing duty under La.C.Cr.P. art. 578 to monitor the status of the previously validly issued outstanding arrest warrant, and that prescription remains interrupted until the State (Jefferson Parish) learned of defendant’s whereabouts. I believe the Supreme Court ruled as it did in Baptiste so as to avoid imposing on local law enforcement authorities the possibly very onerous duty of monitoring on a regular (possibly daily) basis the status of all outstanding arrest 12warrants in their jurisdiction so as to avoid the possibility of prescription running on pending local charges against defendants who, unbeknownst to local authorities, happen to be in the custody of some other local or state authority on different charges. Accordingly, I would find that in the instant case, prescription remained interrupted until the State (Jeffer *411 son Parish) learned that defendant was in custody in St. Tammany Parish. Because the State (Jefferson Parish) instituted prosecution within the prescriptive period that began to run thereafter, I would reverse the ruling of the trial court granting defendant’s motion to quash the bill of information, and remand the matter for further proceedings.