CLARENCE E. McMANUS, Judge.
| gDefendant, Wayne Fifi, appeals his conviction and sentence, and counsel for appellant concludes that there are no non-frivolous issues to raise on appeal. For the reasons that follow, we affirm defendant’s conviction and sentence.

Facts and Procedural History

Because defendant pled guilty and did not proceed to trial, the facts were gathered from the guilty plea proceeding. On November 30, 2003, defendant knowingly and intentionally committed a theft of goods valued at over one hundred dollars, but less than five hundred dollars, from a J.C. Penny’s department store located in Jefferson Parish.
On December 16, 2003, the Jefferson Parish District Attorney filed a bill of information with respect to the events of November 30, 2003, charging defendant with theft of goods valued at over $100.00 and under $500.00 in violation of LSA-R.S. 14:67.10. Defendant pled not guilty at arraignment on August 28, 2006.
On August 4, 2010, defendant filed a motion to quash the bill of information in this case, as well as the bills of information filed in two unrelated 2007 matters.[1] The trial court denied the motion to quash. Defendant filed a supervisory writ with |sthis Court seeking review of the trial court’s denial of his motion to quash. This Court denied defendant’s writ application on April 1, 2011. Defendant later withdrew his not guilty plea and pled guilty as charged under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the trial court’s denial of his motion to quash. Defendant was sentenced to two years at hard labor.[2] This appeal follows.

DISCUSSION

Counsel for appellant has filed a brief averring that, after a detailed review of the record, no non-frivolous issues exist to raise on appeal. She notes that defendant reserved his right under State v. Crosby, supra, to appeal the trial court’s denial of his motion to quash; however, appellate counsel further submits that there are no rulings of the trial court that arguably support an appeal.
In Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),[3] the United States Supreme Court noted that, “if counsel finds [the] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.” Anders, 87 S.Ct. at 1400. The Louisiana Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam).
*966 When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal |4is wholly frivolous. State v. Bradford, 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.[4] If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. Id.
In the instant case, appellate counsel concludes that after a thorough review of the record, there are no non-frivolous issues to raise on appeal. She further notes that the trial court’s denial of defendant’s motion to quash, based on the alleged untimely prosecution of defendant’s case, does not support an appeal. Upon a conscientious review of the record, she states that the trial court’s ruling was proper and that the time limitation to prosecute defendant’s 2003 case was suspended. Specifically, defendant’s appellate counsel notes that after defendant’s arraignment, several pre-trial motions were filed and never ruled upon, and that eight continuances were requested. Thus, she submits that under LSA-C.Cr.P. arts. 579 and 580, the prosecution of this case was not barred.
On March 1, 2012, this Court informed appellant via certified mail that his attorney had filed an Anders brief, and that he had until March 29, 2012, to file a pro se supplemental brief. On March 26, 2012, appellant filed a pro se brief. In his brief, appellant assigned error to the trial court’s denial of his motion to quash. Particularly, appellant contends that an interruption of the time limitations set forth in LSA-C.Cr.P. arts. 578 and 579 did not occur in this case because he was incarcerated in Orleans Parish. Thus, appellant argues that the institution of his prosecution was untimely.
Following the procedures outlined in State v. Bradford, supra, at 1110-1111, this Court conducted an independent review of the pleadings, minute entries, the | fjbill of information, and transcripts in the appeal record. Upon review, we find that the record discloses no non-frivolous issues and no rulings that would arguably support an appeal.
First, the bill of information plainly, concisely, and definitely states the essential facts constituting the offense charged. It also sufficiently identifies defendant and the crime charged. See generally LSA-C.Cr.P. arts. 464-66. Further, the bill of information was signed by the district attorney in the court having jurisdiction over the offense. See LSA-C.Cr.P. art. 384.
Second, as reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him. He attended his arraignment, his guilty plea, and his sentencing.
Third, defendant pled guilty as charged. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutional *967 ly infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. McCoil, supra.
Here, the record shows that defendant was aware he was pleading guilty to theft of goods valued at over one hundred dollars but less than five hundred dollars in violation of LSA-R.S. 14:67.10. The properly-executed waiver of rights form, commitment, and plea colloquy all indicate that defendant was advised of his right |Rto a judge or jury trial, his right to confrontation, and his privilege against self-incrimination, as required by Boykin v. Alabama, 895 U.S. 238, 89 S.Ct. 1709, 28 L.Ed.2d 274 (1969) Defendant indicated during the plea colloquy that he understood that he was waiving these rights.
Defendant further stated that he had not been forced, coerced, or threatened to enter his guilty pleas. The judge indicated that she was satisfied that there was a factual basis for the acceptance of the pleas and accepted them as knowingly, intelligently, freely, and voluntarily made.
Also, before pleading guilty, defendant was advised of the sentencing range for his offense.[5] In exchange for his plea of guilty, defendant was offered a sentence of two years at hard labor, to run coneurrently to the sentences imposed in case numbers 07-5624 and 07-4153. Defendant agreed that he understood the possible legal consequences of pleading guilty and still wished to plead guilty.
Fourth, defendant’s sentence does not present issues for appeal. Defendant’s sentence was imposed in conformity with the plea agreement, and LSA-C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. See State v. Washington, 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Thus, because defendant’s plea agreement was set forth in the record at the time of his plea, he is statutorily precluded from review. Nonetheless, our review reveals that defendant’s sentence is within the limits prescribed by the statute in effect on the date the offense was committed.

1,Motion to Quash

Finally, in his sole pro se assignment of error, appellant argues that the trial court erred in denying his motion to quash. The record reflects that the trial court denied defendant’s motion to quash prior to the guilty plea. Defendant preserved his right under Crosby to appeal the trial court’s ruling.[6] After an indepen *968 dent review of the record, and for the reasons that follow, we find that the trial court did not err in denying defendant’s motion to quash.
The bill of information was filed in this case on December 16, 2003. The defendant was given actual notice of his arraignment date of January 14, 2004, but failed to appear. An attachment was issued for defendant’s arrest, which was satisfied on February 19, 2004. Defendant was released on bond and informed of his subsequent court date. Defendant’s arraignment was continued several times due to Hurricane Katrina and lack of service. Defendant was present and arraigned on August 28, 2006. Defendant was given actual notice of a motion hearing scheduled for September 29, 2006, but failed to appear so an attachment was issued for his arrest. On October 19, 2007, the attachment was satisfied and defendant was provided with actual notice of his January 29, 2008 trial date. Defendant failed to appear on January 29, 2008, and an attachment was issued for his arrest. Defendant was finally arrested on May 12, 2010. Various motions were filed, and after several continuances, mostly requested by defense counsel, on |¾January 20, 2011, the trial court heard defendant’s motion to quash the present charge, as well as two unrelated 2007 charges. After considering the arguments of counsel, the trial court denied defendant’s motion.
In his motion to quash, defendant argued that the time limitation to institute defendant’s trial expired on January 29, 2010, two years from defendant’s original trial date of January 29, 2008. Defendant contended that the State could not establish an interruption of the time limitation set forth in LSA-C.Cr.P. art. 578.[7] Defendant claimed that his non-appearance at the January 29, 2008 proceeding was due to the fact that he was incarcerated at the time, and that the State knew, or should have known, of his whereabouts in Louisiana’s correctional system.[8] Therefore, defendant argued that since he was in the State’s custody, no interruption of the time limitation occurred between January 29, 2008 (original trial date) and May 12, 2010 (arrest date).
In her reasons for judgment, the trial judge explained that on January 29, 2008, the defendant failed to appear in court for a hearing scheduled in all three of his pending cases and an attachment was issued. The attachment was satisfied on May 12, 2010. The trial judge determined that the records in all three cases indicated that defendant signed for written notice of the January 29, 2008 hearing, as evidenced by his agreement to appear and signatures on various appearance bonds. Thus, the trial court concluded that because defendant received actual notice, the time limitation for prosecution was interrupted under LSA-C.Cr.P. art. 579.
*969 laLSA-C.Cr.P. art. 579 provides that the period of limitation established by Article 578 shall be interrupted if: [t]he defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record. Here, the record reflects that defendant was provided with actual notice of his January 29, 2008 court date. Thus, the two-year time limitation was interrupted until defendant was arrested on May 12, 2010, and commenced to run anew at that time, giving the State until May 12, 2012 to commence trial (assuming no other suspensions or interruptions). Because defendant entered his guilty plea on April 19, 2012, the State timely instituted the proceedings in compliance with LSA-C.Cr.P. art. 578.[9]
Additionally, even if defendant’s failure to appear on January 29, 2008 was due to his alleged incarcerated status, under the facts of this case, the State does not bear the burden of monitoring the status of defendant’s outstanding warrant.[10]
In State v. Baptiste, 08-2468 (La.6/23/10), 38 So.3d 247, the Louisiana Supreme Court found that the State did not bear a duty to monitor the status of the outstanding arrest warrant issued for the defendant who failed to appear in court after receiving actual notice of the hearing date. Id. at 1, 38 So.3d at 248.
In Baptiste, the defendant was incarcerated in St. Charles Parish approximately six months after the arrest warrant was issued by Plaquemines Parish. The Louisiana Supreme Court found that prescription was interrupted when defendant failed to appear in court, and the interruption of prescription ended when the St. Charles Parish authorities contacted officials in Plaquemines Parish 110and notified them of defendant’s impending release, after they discovered the outstanding warrant. Id.
Here, there is no evidence that Orleans Parish authorities, or any other person, contacted Jefferson Parish between January 29, 2008 and May 12, 2010, regarding defendant’s incarceration in Orleans Parish and the outstanding Jefferson Parish warrant. Accordingly, based on the interruption in this case, we find no merit in this assignment of error.
Based on the foregoing, we find that counsel conducted a detailed and thorough review of the record and adequately complied with Anders and State v. Jyles, by setting forth in the appellate brief “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (quoting State v. Mouton, 95-0981, p. 2 (La.4/28/95), 653 So.2d 1176, 1177). The record evidences that defendant has received diligent advocacy from appellate counsel.

ERRORS PATENT DISCUSSION

The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); *970 and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors patent in this case.
Accordingly, we affirm defendant’s conviction and sentence. Appellant’s counsel will be permitted to withdraw if she so requests.

AFFIRMED

.In the interest of completeness, we note that defendant was also charged by the Jefferson Parish District Attorney in two separate bills of information for two unrelated crimes that occurred in 2007. Defendant’s 2007 charges were consolidated and the guilty plea proceedings for the 2007 charges occurred on the same date as the proceeding in the instant offense. The 2007 charges are addressed by this Court under docket numbers 12-KA-158 and 12-KA-159.

. The trial court further ordered that defendant’s sentence run concurrently with defendant's sentences imposed in the 2007 matters, district court numbers 07-4153 and 07-5624.

. The United States Supreme Court most recently reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. The procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in Bradford, supra.

. Defendant pled guilty to theft of goods valued at over one hundred dollars but less than five hundred dollars in violation of LSA-R.S. 14:67.10, which provides that the “offender shall be imprisoned, with or without hard labor, for not more than two years or may be fined not more than two thousand dollars, or both.”

. It is noted that prior to pleading guilty, defendant filed a writ application with this Court which was denied. This Court denied defendant’s writ application finding:
Relator seeks this court’s supervisory review of the trial court's denial of his motion to quash. We deny the application on the showing made. Relator’s application is deficient in several respects. Specifically, he fails to include a copy of his Motion to Quash, in violation of Uniform Rules, Courts of Appeal, Rule 4-5 (H). In addition, relator provides no evidence in the writ application to support his contention of when he was arrested, when he was charged with the instant offenses, and when he was incarcerated. Further, the trial judge noted that her ruling was based upon *968 the relator's memorandum, oral argument, and a review of court records, none of which have been provided in this writ application. The trial court determined that in all three cases pending against relator, he signed for written notice for the January 28, 2008 hearing, as evidenced by court records that are not included in this writ application. We have no basis upon which to disturb the trial court’s ruling. Accordingly, on the showing made, we see no abuse of the trial court’s discretion denying the motion to quash.

. LSA-C.Cr.P. Art. 578 provides, in relevant part:
A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
(2) In other felony cases after two years from the date of institution of the prosecution;

. At the hearing, defendant produced a letter that alleged to support his position that he was in custody at the time of the January hearing.

. There were several requests for continuances made by the defense and outstanding motions that had not been ruled upon, which would have also served to suspend the time limitation in his case.

. In its ruling, the trial court noted that the letter submitted at the hearing by defendant evidencing his incarceration at the relevant time periods may reflect erroneous information. The trial court noted that although the letter indicates that defendant was incarcerated in Orleans Parish from October 29, 2007 until July 7, 2009, a review of the “Transfer Record” does not support this conclusion in light of the Appearance Bonds signed by defendant on November 16, 2007. Specifically, the bonds evidence an arrest date of November 13, 2007, and a release date for "prison overcrowding” on November 16, 2007.