CLARENCE E. McMANUS, Judge.
lain this consolidated appeal, defendant, Wayne Fifí, appeals his convictions and sentences, and counsel for appellant concludes that there are no non-frivolous issues to raise on appeal. For the reasons that follow, we affirm defendant’s convictions and sentences.

Facts and Procedural History

Because defendant pled guilty and did not proceed to trial, the facts were gathered from the guilty plea proceeding. On June 30, 2007, defendant knowingly and intentionally made an unauthorized entry into the premises belonging to Frosty Treats, Incorporated, located at 400 Dakin Street, in violation of LSA-R.S. 14:62.4. Also, on August 23, 2007, defendant knowingly and intentionally, attempted to commit a burglary of an inhabited dwelling and structure belonging to Mr. and Mrs. Timothy Griggs, located at 112 Main Street, in violation of LSA-R.S. 14:27 and 14:62.2. These crimes were committed in Jefferson Parish.
On July 11, 2007 and September 27, 2007, the Jefferson Parish District Attorney filed two separate bills of information with respect to the events of June 30, 2007 and August 23, 2007, charging defendant with unauthorized entry of a place of business in violation of LSA-R.S. 14:62.4, and attempted simple burglary |sof an inhabited dwelling in violation of LSA-R.S. 14:27 and 14:62.2. Defendant pled not guilty to both charges at arraignment.
On August 4, 2010, defendant filed a motion to quash the bills of information in these consolidated cases, as well as the bill of information filed in an unrelated 2003 matter.[1] The trial court denied the motion to quash. Defendant filed a supervisory writ with this Court seeking review of the trial court’s denial of his motion to quash. This Court denied defendant’s writ application on April 1, 2011. Defendant later withdrew his not guilty plea and pled guilty as charged under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the trial court’s denial of his motion to quash.[2] On April 19, 2011, the trial court sentenced defendant, in accordance with the plea agreement, to six years for each offense. The State then filed a multiple offender bill of information charging defendant as a second felony offender with regard to defendant’s conviction for unauthorized entry of a place of business, district court number 07-4153. After being advised of his multiple offender rights, defendant pled guilty to the multiple offender bill. Thus, the trial court vacated defendant’s previous sentence in case number 07-4153, and re-sentenced defendant to ten years at hard labor, without the benefit of probation or suspension of sentence. Defendant’s sentences were order to be served concurrently.[3]
The trial court denied defendant’s motion for re-hearing. This appeal follows.

*972
DISCUSSION

[^Counsel for appellant has filed a brief averring that, after a detailed review of the record, no non-frivolous issues exist to raise on appeal. She notes that defendant reserved his right under State v. Crosby, supra, to appeal the trial court’s denial of his motion to quash; however, appellate counsel further submits that there are no rulings of the trial court that arguably support an appeal.
In Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),[4] the United States Supreme Court noted that, “if counsel finds [the] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.” Anders, 87 S.Ct. at 1400. The Louisiana Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam).
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.[5] If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. Id.
|fiIn the instant case, appellate counsel concludes that after a thorough review of the record, there are no non-frivolous issues to raise on appeal. She further notes that the trial court’s denial of defendant’s motion to quash, based on the alleged untimely prosecution of defendant’s case, does not support an appeal. Upon a conscientious review of the record, she states that the trial court’s ruling was proper and that the time limitation to prosecute defendant for the two instant offenses was suspended. Specifically, defendant’s appellate counsel notes that after defendant’s arraignment, several pre-trial motions were filed and never ruled upon, thereby suspending the time limitation to institute trial in the 2007 cases. Thus, she submits that under LSA-C.Cr.P. arts. 579 and 580, the prosecutions were not barred in these consolidated cases.
On March 1, 2012, this Court informed appellant via certified mail that his attorney had filed an Anders brief, and that he had until March 29, 2012, to file a pro se supplemental brief. On March 26, 2012, appellant filed a pro se brief. In his brief, appellant assigned error to the trial court’s denial of his motion to quash. Particularly, appellant contends that an interruption of the time limitations set forth in LSA-C.Cr.P. arts. 578 and 579 did not occur in these cases because he was incarcerated in Orleans Parish. Thus, appellant argues that the institution of his prosecution was untimely.
*973 Following the procedures outlined in State v. Bradford, supra, at 1110-1111, this Court conducted an independent review of the pleadings, minute entries, the bill of information, and transcripts in the appeal record. Upon review, we find that the record discloses no non-frivolous issues and no rulings that would arguably support an appeal.
First, the bills of information in these consolidated cases plainly, concisely, and definitely state the essential facts constituting the offenses charged. They also ^sufficiently identify defendant and the crimes charged. See generally LSA-C.Cr.P. arts. 464-66. Further, the bills of information were signed by the district attorney in the court having jurisdiction over the offenses. See LSA-C.Cr.P. art. 384.
Second, as reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him. He attended his arraignments, his guilty pleas, and his sentencing.
Third, defendant pled guilty as charged to both crimes. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boy-kin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. McCoil, supra.
Here, the record shows that defendant was aware he was pleading guilty to unauthorized entry of a business in violation of LSA-R.S. 14:62.4 and attempted simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:27 and 14:62.2. As to both charges, the properly-executed waiver of rights forms, commitment, and plea colloquy all indicate that defendant was advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination, as required by Boykin v. Alabama, 395 U.S. 238, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Defendant indicated during the plea colloquy that he understood that he was waiving these rights.
17Pefendant further stated that he had not been forced, coerced, or threatened to enter his guilty pleas. The judge indicated that she was satisfied that there was a factual basis for the acceptance of the pleas and accepted them as knowingly, intelligently, freely, and voluntarily made.
Defendant was also informed, via a waiver of rights form and colloquy, of his multiple offender rights, sentencing range under the habitual offender statute, and the actual sentence defendant would receive by pleading guilty to the crime of unauthorized entry into a business as a second felony offender. The defendant then waived his rights, and the trial judge accepted his habitual offender plea as knowingly, intelligently, freely and voluntarily made.
Also, before pleading guilty, defendant was advised of the sentencing ranges for the charged offenses.[6] In exchange for his *974 guilty pleas, defendant was offered a sentence of six years at hard labor, with the first year to be served -without benefits, for his conviction for attempted simple burglary of an inhabited dwelling, and a six-year sentence at hard labor, for his conviction for unauthorized entry of a business.[7] Further, pursuant to the multiple offender bill, defendant was offered a sentence of ten years at hard labor, without the benefit of probation or suspension of sentence in accordance with LSA-R.S. 15:529.1, for his conviction on case number 07-4153. Defendant agreed that he understood the possible legal consequences of pleading guilty and still wished to plead guilty.
IsFourth, defendant’s sentences do not present issues for appeal. Defendant’s sentences were imposed in conformity with the plea agreement, and LSA-C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. See State v. Washington, 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Thus, because defendant’s plea agreements were set forth in the record at the time of his plea, he is statutorily precluded from review. Nonetheless, our review reveals that defendant’s sentences are within the limits prescribed by the statute in effect on the date the offenses were committed.

Motion to Quash

Finally, in his sole pro se assignment of error, appellant argues that the trial court erred in denying his motion to quash. The record reflects that the trial court denied defendant’s motion to quash prior to the guilty plea. Defendant preserved his right under Crosby to appeal the trial court’s ruling.[8] After an independent review of the record, and for the *975 reasons that follow, we find that the trial court did not err in denying defendant’s motion to quash.
The bill of information in case number 07-4153 was filed on July 11, 2007, and on September 27, 2007, in case number 07-5624. When defendant failed to appear for his arraignments in either case, attachments were issued for his arrest which were satisfied in November 2007. In both cases, defendant was given actual |9notice of his January 29, 2008 trial date; however, defendant failed to appear, so attachments were again issued for his arrest. Defendant was finally arrested on May 12, 2010. Various motions were filed, and after several continuances, mostly requested by defense counsel, on January 20, 2011, the trial court heard defendant’s motion to quash the 2007 charges, as well as the unrelated 2003 charge. After the motion to quash was denied as to all three charges, defendant pled guilty to the two 2007 charges and the 2003 charge, and was sentenced on all three charges on April 19, 2012.
In his motion to quash, defendant argued that the time limitation to institute defendant’s trial expired on January 29, 2010, two years from defendant’s original trial date of January 29, 2008. Defendant contended that the State could not establish an interruption of the time limitation set forth in LSA-C.Cr.P. art. 578.[9] Defendant claimed that his non-appearance at the January 29, 2008 proceeding was due to the fact that he was incarcerated at the time, and that the State knew, or should have known, of his whereabouts in Louisiana’s correctional system.[10] Therefore, defendant argued that since he was in the State’s custody, no interruption of the time limitation occurred between January 29, 2008 (original trial date) and May 12, 2010 (arrest date).
In her reasons for judgment, the trial judge explained that on January 29, 2008, the defendant failed to appear in court for a hearing scheduled in all three of his pending cases and an attachment was issued. The attachment was satisfied on May 12, 2010. The trial judge determined that the records in all three cases indicated that defendant signed for written notice of the January 29, 2008 hearing, 110as evidenced by his agreement to appear and signatures on various appearance bonds. Thus, the court concluded that because defendant received actual notice, the time limitation for prosecution was interrupted under LSA-C.Cr.P. art. 579.
LSA-C.Cr.P. art. 579 provides that the period of limitation established by Article 578 shall be interrupted if: [t]he defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record. Here, the record reflects that defendant was provided with actual notice of his January 29, 2008 court date. Thus, the two-year time limitation was interrupted until defendant was arrested on May 12, 2010, and commenced to run anew at that time, giving the State until May 12, 2012 to commence trial (assuming no other suspensions or interruptions). Because defendant entered his guilty plea on April 19, 2012, the State timely instituted the proceedings in compliance with LSA-C.Cr.P. *976 art. 578.[11]
Additionally, even if defendant’s failure to appear on January 29, 2008 was due to his alleged incarcerated status, under the facts of this case, the State does not bear the burden of monitoring the status of defendant’s outstanding warrant.[12]
In State v. Baptiste, 08-2468 (La.6/23/10), 38 So.3d 247, the Louisiana Supreme Court found that the State did not bear a duty to monitor the status of the outstanding arrest warrant issued for the defendant who failed to appear in court after receiving actual notice of the hearing date. Id. at 1, 38 So.3d at 248.
In Baptiste, the defendant was incarcerated in St. Charles Parish approximately six months after the arrest warrant was issued by Plaquemines Parish. The Louisiana Supreme Court found that prescription was interrupted |nwhen defendant failed to appear in court, and the interruption of prescription ended when the St. Charles Parish authorities contacted officials in Plaquemines Parish and notified them of defendant’s impending release, after they discovered the outstanding warrant. Id.
Here, there is no evidence that Orleans Parish authorities, or any other person, contacted Jefferson Parish between January 29, 2008 and May 12, 2010, regarding defendant’s incarceration in Orleans Parish and the outstanding Jefferson Parish warrant. Accordingly, based on the interruption in this case, we find no merit in this assignment of error.
Based on the foregoing, we find that counsel conducted a detailed and thorough review of the record and adequately complied with Anders and State v. Jyles, by setting forth in the appellate brief “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (quoting State v. Mouton, 95-0981, p. 2 (La.4/28/95), 653 So.2d 1176, 1177). The record evidences that defendant has received diligent advocacy from appellate counsel.

ERRORS PATENT DISCUSSION

The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors patent in this case.
Accordingly, we affirm defendant’s conviction and sentence. Appellant’s counsel will be permitted to withdraw if she so requests.

AFFIRMED

.In the interest of completeness, we note that defendant was also charged by the Jefferson Parish District Attorney in a separate bill of information for an unrelated crime that occurred in 2003. The guilty plea proceedings for the 2003 offense occurred on the same date as the proceeding for the instant offenses. The 2003 conviction is addressed by this Court under docket number 12-KA-157.

. At the same hearing, the defendant also entered a guilty plea for his 2003 offense, district court number 03-7774.

. Defendant's 2003 conviction and sentence was also ordered to be served concurrently with the 2007 sentences imposed in the instant matter.

. The United States Supreme Court most recently reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. The procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in Bradford, supra.

. Defendant pled guilty to attempted simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:27 and 14:62.2 which provides that “whoever commits the crime of *974 simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years.” Additionally, the relevant attempt statute, LSA-R.S. 14:27(D)(3), provides that the defendant shall be fined or imprisoned or both, in the same manner as the offense attempted, and that "such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.”
Defendant also pled guilty to unauthorized entry of a business in violation of LSA-R.S. 14:62.4, which provides that "whoever commits the crime of unauthorized entry of a place of business shall be fined not more than one thousand dollars or imprisoned with or without hard labor for not more than six years, or both.”

. Defendant was also advised that his sentences would run concurrently with each other and with the sentence imposed in case number 03-7774.

. It is noted that prior to pleading guilty, defendant filed a writ application with this Court which was denied. This Court denied defendant’s writ application finding:
Relator seeks this court's supervisory review of the trial court’s denial of his motion to quash. We deny the application on the showing made. Relator’s application is deficient in several respects. Specifically, he fails to include a copy of his Motion to Quash, in violation of Uniform Rules, Courts of Appeal, Rule 4-5 (H). In addition, relator provides no evidence in the writ application to support his contention of when he was arrested, when he was charged with the instant offenses, and when he was incarcerated. Further, the trial judge noted that her ruling was based upon the relator’s memorandum, oral argument, and a review of court records, none of which have been provided in this writ application. The trial court determined that in all three cases pending against relator, he signed for written notice for the January 28, 2008 hearing, as evidenced by court records that are not included in this writ application. We have no basis upon which to disturb the trial court's ruling. Accordingly, on the showing made, we see no abuse of the trial court’s discretion denying the motion to quash.

. LSA-C.Cr.P. Art. 578 provides, in relevant part:
A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
(2) In other felony cases after two years from the date of institution of the prosecution;

. At the hearing, defendant produced a letter that alleged to support his position that he was in custody at the time of the January hearing.

. There were several requests for continuances made by the defense and outstanding motions that had not been ruled upon, which would have also served to suspend the time limitation in his case.

. In its ruling, the trial court noted that the letter submitted at the hearing by defendant evidencing his incarceration at the relevant time periods may reflect erroneous information. The trial court noted that although the letter indicates that defendant was incarcerated in Orleans Parish from October 29, 2007 until July 7, 2009, a review of the "Transfer Record” does not support this conclusion in light of the Appearance Bonds signed by defendant on November 16, 2007. Specifically, the bonds evidence an arrest date of November 13, 2007, and a release date for "prison overcrowding" on November 16, 2007.