JiPLOTKIN, Judge.
The State of Louisiana appeals the judgment of the trial court granting the defendant’s motion to quash the bill of information.
On February 10, 1993, Jody P. Dorignac was charged with vehicular homicide, a violation of La. R.S. 14:32.1. At his arraignment on February 18, 1993, he pled not guilty. After six continuances by the State, two or three continuances by the defense, and several continuances due to trials in progress or unexplained reasons, the defense filed a motion to quash on March 1,1996, and the court took it under advisement. After a hearing on March 8, 1996, the trial court granted the motion to quash based on a violation of the time limitations for trial found in La.C.Cr.P. art. 578.[1] The State filed a motion for an appeal, and the motion was granted. However, the case was not lodged in this court until February 13, 1998, and the State’s brief was filed on March 30, 1998. The defendant responded on July 20,1998.
|2The State avers that the trial court granted the motion to quash based on the defense’s contention that its last continuance was made and granted on January 20, 1995, and therefore the State had only until January 20, 1996, to bring the defendant to trial under La.C.Cr.P. art. 580.[2] However, there is a minute entry in the record showing that the defense asked for and was granted a continuance on March 31,1995. On the basis of this evidence, the State maintains that it had until March 31, 1996, to institute trial, and therefore, the trial court erred in granting the motion to quash on March 8, 1996.
The defense claims there was no motion for a continuance on March 31, 1995, and points out that the docket master does not reflect it. At the hearing on March 1, 1996, the defense attorney said, “I will represent to this Court as an officer of the Court or I will take the stand and represent so under oath that I did not request a continuance on ... March ... 31st of 1994.”[3] The defense attorney also points out that a motion for a continuance should be in writing according to C.Cr.P. art. 707, and there is no such motion in the record.
As authority for its position the defense cites State v. Ebey, 452 So.2d 1309 (La.App. 3 Cir.1984). In that case, the trial court denied the defense’s motion to quash, but the Third Circuit granted the defense’s writ and found that the trial court erred because three years had elapsed between the filing of the bill of information on March 19, 1981, and the defense’s motion to quash on February 13, 1984. The last action in the case according to the court minutes appeared to be on April 16, 1982; however, the State maintained that the defense had made an oral motion for a continuance, which was not reflected in the minutes, on July 12, 1982. As in the 13instant case, the defense attorney denied any recollection of that request. In Ebey, the fact that there was no written motion for a continuance was deemed crucial, and the court *177 did not consider the trial court’s credibility-evaluation of the testimony at the motion to quash hearing.
The case sub judice can be distinguished from Ebey in that here there is a minute entry stating that on Friday, March 31,1995:
THE COURT RESET THIS MATTER FOR TRIAL FOR THE DEFENSE TO 5/1/95. DEFENDANT NOTIFIED IN OPEN COURT.
However, at the hearing on March 1, 1996, the defense attorney did not have the minute entry. He was relying on the docket master that simply stated: “3/31/95 TRIAL RESET FOR 5/1/95.” When the trial court pointed out the minute entry to him, the defense attorney said it was an error. To complicate matters, the court reporter told the judge that she searched her notes and the tape, and she found nothing to indicate the reason for the continuance on March 31, 1995.
The defense relies on State v. Ebey for the proposition that an oral motion for a continuance is insufficient under La.C.Cr.P. art. 707. This Court reached the same conclusion in State v. Wilson, 454 So.2d 383, 387 (La.App. 4 Cir.1984), writ denied, 457 So.2d 1200 (La.1984), where the defendant appealed the trial court’s denial of his oral motion for a continuance of trial due to the absence of defense witnesses. This Court declared that the defendant’s motion for a continuance was not “a motion under the Code of Criminal Procedure” because it was not in writing as required by La.C.Cr.P. art. 707.[4] The Court further stated:
While the trial court has the discretion to grant or deny a motion for a continuance, it does not have the discretion |4to determine what constitutes a motion in opposition to a definition clearly provided by the Code of Criminal Procedure.

Id.

In the case at bar, there is no written motion for a continuance for March 31, 1995.
Because the record clearly indicates that the prosecution was instituted on February 10, 1993, and the defendant’s motion to quash was granted on March 8, 1996, the motion is facially meritorious. Furthermore, under State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1286, the State bears a heavy burden to demonstrate either an interruption or a suspension of the time limit when a defendant brings an apparently meritorious motion to quash based on prescription. The State contends that prescription was suspended when the defendant requested a continuance on March 31, 1995, yet the defense maintains that no request for a continuance occurred after January 20, 1995. The only evidence the State can offer is a disputed minute entry from March 31, 1995, which the court reporter could not verify. Moreover, this Court has held that oral motions cannot suspend the prescriptive period set forth in article 578 because article 707 mandates that motions for continuance be in writing. State v. Wilson, 454 So.2d 383 (La.App. 4 Cir.1984). Because the State cannot bear its heavy burden of proof in this case, we find the trial court was correct in granting the motion to quash.
The defense’s next argument concerning the State’s violation of Rule 1 of the Local Rules of the Fourth Circuit Court of Appeal (Abandonment of Appeal) will not be considered because the point is moot.
Accordingly, for reasons stated above, the decision of the trial court is affirmed.
AFFIRMED.

. C.Cr.P. art. 578 provides: "Except as otherwise provided in this Chapter, no trial shall be commenced:.... (2) In other felony cases after two years from the date of institution of the prosecution;...."

. C.Cr.P. art. 580 provides for a suspension of the prescriptive period when a defendant files a motion to quash or another preliminary plea. The period is suspended until the ruling of the court, but in no case does the State have less than one year after the ruling to begin trial.

.The year should be 1995; it appears the attorney mistakenly said 1994 instead of 1995.

. C.Cr.P. art. 707 provides in pertinent part: A motion for a continuance shall be in writing and shall allege specifically the grounds upon which it is based and, when made by a defendant, must be verified by his affidavit or that of his counsel.