hPLOTKIN, Judge.
On October 24, 1996, relator was charged with possession of cocaine, La. R.S. 40:967, a charge to which he pled not guilty. On January 2, 1997, the trial court granted his motion to quash based upon a claim of improper venue. The State appealed, and in an unpublished opinion this court reversed and remanded the case. State v. Brocato, 97-2054 (La.App. 4 Cir. 7/29/98, 719 So.2d 755). There is no indication that relator applied for rehearing in this court or applied for writs in the Supreme Court after this court’s decision. On remand, on January 7, 1999, relator orally moved to quash the bill of information again, this time citing the State’s alleged failure to bring him to trial in a timely manner. Relator filed a written motion on the same ground on June 1st; and on that date, the court denied the motion. Relator now comes before this court seeking relief from this adverse ruling.
Relator contends the trial court erred by denying his motion to quash because the time limitations for commencing trial had lapsed. ' He acknowledges that some of the time that elapsed was due to his first motion to quash, which the | gtrial court granted but which this court ultimately denied; but he insists that the time to bring him to trial began running from the date the trial court ruled rather than from the date of this court’s reversal of the trial court’s ruling.
La.C.Cr.P. art. 578 provides in part: “Except as otherwise provided in this Chapter, no trial shall be commenced: ... (2) In [non-capital] felony cases after two years from the date of institution of the prosecution.” In addition, art. 580 provides:
When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
The relator argues the phrase “less than one year after the ruling” refers to the trial court’s ruling, not the ruling from this court. Thus, he argues the State had one year from January 2, 1997, in which to bring him to trial — -not one year from July 29, 1998, the date upon which this court reversed the.trial court’s ruling and reinstated the charges.
In support of his argument relator cites State v. Williams, 93-694 (La.App. 5 Cir. 2/9/94), 631 So.2d 1370, writ denied, 94-0606 (La.6/3/94), 637 So.2d 499. In Williams, the trial court granted the defendant a new trial in January, 1992. The State did not seek review of that ruling but instead sought to recuse the trial judge. The trial court denied the State’s motion to recuse; and the State filed a writ application with the Fifth Circuit, which granted the writ and remanded the case for reallotment. However, the defendant sought relief from the Supreme Court, which vacated the Fifth Circuit’s ruling and reinstated the trial court’s ruling. The | ..¡Supreme Court denied the State’s *180 application for rehearing in September, 1992.
Thereafter, when the State sought to try the defendant in June, 1993, the defendant moved to quash the bill, contending that the State had one year from the trial court’s granting of á new trial — or until January, 1993. The trial court agreed; and the Fifth Circuit affirmed, strongly emphasizing that the delay was caused by the review of a ruling on a motion brought by the State, not the defendant, which motion inured to the State’s benefit. For this reason, the Fifth Circuit found that the delay in bringing the defendant to trial was attributable to the State and, accordingly, that no interruption of the time limitation was proper.
By contrast, the action which initiated the delay in the instant case — the granting of the first motion to quash — was initiated by the defendant and inured to his benefit. Thus, we do not find Williams persuasive in these circumstances. A more analogous and persuasive case is State v. Bennett, 610 So.2d 120 (La.1992), where the Supreme Court determined when the time began to run in the granting of a new trial by an appellate court.
In Bennett, the appellate court had reversed the defendant’s conviction on July 5, 1989, and had ordered a new trial. The appellate court denied the State’s application for rehearing on September 18, 1989. The State sought review in the Supreme Court, and writs were denied on January 12, 1990. Trial was scheduled for November 12, 1990; but on that day the defendant filed a motion to quash, arguing that the one-year time limitation of La.C.Cr.P. art. 582' — which is similar to the one-year “grace period” of art. 580 — commenced on September 18, 1989, when the appellate court denied the State’s application for rehearing. The State countered that the one-year period did not commence until the Supreme Court |4denied its writ application on January 12, 1990, meaning that the trial was timely by two months. The trial court agreed with the State, but the appellate court reversed. On review, the Supreme Court held that the one-year period began to run from January 12, 1990, when it denied the State’s writ application from the appellate court’s reversal of defendant’s conviction.
Although Bennett interpreted art. 582 rather than art. 580, its reasoning is applicable in the instant case. In Bennett, the court wrote:
Article 582 and State v. Brown, [451 So.2d 1074, 1080 (La.1984) ], state that the one year for retrial runs from the finality of the judgment granting defendant a new trial. No one would say that the judgment granting a new trial in the above hypothetical is final when the court of appeal denied rehearing. Rather, every rational legal mind would find the judgment to be final when the supreme court affirmed the court of appeal and no application for rehearing was filed with this court. Clearly, the one year for retrial runs from the finality of the supreme court judgment in that case.
610 So.2d at 126. Similarly, in the instant case, this court’s reversal of the ruling by the trial court on relator’s first motion to quash was not final until the time for applying for rehearing expired, as no writ was filed with the Supreme Court. When the trial court granted relator’s first motion to quash, the State could not try relator; and it remained unable to do so until the reversal of the trial court’s ruling became final.
Thus, it appears that the one-year “grace period” under art. 580 in this case began to run when this court revived the State’s ability to try relator on July 29, 1998 — or, at the latest, fourteen days after that date, when the time for applying for rehearing expired. No writ was taken to the Supreme Court. Therefore, the trial court correctly denied the motion to quash filed on June 1,1999.
| sIt must be noted that August 12, 1999, marked one-year from the expiration of *181 the time for filing a rehearing in this court on the first motion to quash. However, under art. 580, the art. 578 time limitation was again suspended when relator filed the instant motion on June 1st and the trial court denied it on that date. Per art. 580, the State will have one year from the finality of the instant ruling to commence the trial.
Relator also argues that the State was not estopped from trying him during the pendency of the State’s appeal of the first motion to quash because it could have tried him in Jefferson Parish. The trial court granted the first motion to quash based upon improper venue, finding that the acts which constituted the offense of possession of cocaine occurred in Jefferson, not Orleans, Parish. On appeal, this court reversed, finding that the evidence adduced at a pretrial hearing showed that even though relator was stopped and found to be in possession of cocaine in Jefferson Parish, he purchased the cocaine in Orleans Parish. Thus, this court found the trial court erroneously granted the motion to quash based upon improper venue. Relator now argues that, because the evidence showed he was in possession of the cocaine in both Jefferson and Orleans Parishes, the State could have tried him in Jefferson while its appeal was pending in the Orleans case.
Relator cites no authority to support his assertion that the State had to try the case in Jefferson Parish. Indeed, under La. C.Cr.P. art. 61, the district attorney has “entire charge and control over every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.” In addition, the acts which constituted possession of the cocaine in Orleans were separate acts than those which would constitute possession of cocaine in Jefferson. | RThus, the State could properly wait and see whether this court would reverse the quashing of the charge in Orleans Parish.
Relator’s claim is without merit, and his writ application is therefore denied.

WRIT DENIED