756 So.2d 606 (2000)
STATE of Louisiana
v.
Keith BLAZIO.
No. 99-KA-0765.
Court of Appeal of Louisiana, Fourth Circuit.
March 15, 2000.
*607 Karen G. Arena, Louisiana Appellate Project, River Ridge, LA, Attorney for Defendant/Appellant, Keith Blazio.
Harry F. Connick, District Attorney, Cate L. Bartholomew, Assistant District Attorney of Orleans Parish, New Orleans, Louisiana, Attorneys for The State Of Louisiana/ Appellee.
Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY and Judge ROBERT A. KATZ.
MURRAY, Judge.
Keith Blazio was indicted on April 13, 1995 for the second degree murder of Marc Edwards. On April 15, 1998, he filed a motion to quash for failure to bring him to trial within two years as required by Criminal Procedure article 578(2). After this motion was denied, Mr. Blazio pled guilty to manslaughter on June 1, 1998, preserving his right to this appeal of the denial of the motion under State v. Crosby, 338 So.2d 584 (La.1976). For the reasons that follow, we vacate the judgment denying the motion to quash, and remand for further proceedings.

PROCEDURAL HISTORY
The record of this case establishes that Mr. Blazio filed a motion to suppress an eyewitness identification on June 26, 1995. The trial court granted the motion on September 8, 1995, but this court granted the State's writ application and reversed that ruling. State v. Blazio, 95-K-2272 (La. App. 4th Cir.1/25/96) (unpublished). Mr. Blazio sought Supreme Court review of *608 that decision but his application was denied.[1]State v. Blazio, 96-0509 (La.4/8/96), 671 So.2d 338.
The remaining chronology of the case, based upon the minute entries in the record, is as follows:
A status hearing was held on August 15, 1996, at which defense counsel stated that he was ready for trial. "The court ordered no other continuance in this case." The matter was set for trial on October 1, 1996.
On October 1, 1996, a joint motion to continue trial was filed and granted. A status hearing was scheduled for October 24, 1996, at which time trial was set for January 15, 1997. On the scheduled date, however, "the court continued the matter due to the State proceeding with another trial and reset this matter for trial on 3/18/97." On February 5, 1997, "the court cancelled the trial date of 3/18/97, and reset this matter for trial on 4/7/97."
The record contains no indication why the trial was not held on the scheduled date in April 1997. The next minute entry reflects that at a status hearing held on August 8, 1997, the case was again set for trial on September 24, 1997. However, on September 17, 1997, the court granted the State's motion to continue the trial until November 12, 1997.
The minute entry for November 12, 1997 reads as follows:
THE DEFENDANTS PRESSENCE [SIC] WAIVED BEFORE THE BAR OF THE COURT UNATTENDED BY COUNSEL MR. C MERRITT ESQ. FOR TRIAL.
THE COURT CONTINUED THIS MATTER AND SET FOR STATUS ON 11/20/97.
PLACE THE DEFENDANT ON THE JAIL LIST.
A stamp on the minute entry is initialed to indicate that the matter was docketed, but the line marked "issued" is blank.
The minute entry for November 20, 1997 states:
DEFENDANT APPEARED BEFORE THE BAR OF THE COURT UNATTENDED BY COUNSEL FOR STATUS HEARING.
THE STATUS HEARING IS CONTINUED BY THE COURT FOR THE STATE AND RESET FOR A STATUS HEARING FOR 12/18/97 AND TRIAL ON 1/7/98.
PLACE THE DEFENDANT ON THE JAIL LIST. SEND NOTICES.
This minute entry contains two stamps, indicating that both the trial and status dates were docketed, but with no entries on the lines marked "issued."
Subsequent minute entries reflect that on January 7, 1998, trial was reset for March 9th, and then for April 15, 1998, with each entry stating that "the court continued the matter for the State." It was on the latter date, more than three years after indictment, that Mr. Blazio filed the instant motion to quash.

DISCUSSION
It is undisputed that the applicable period for bringing Mr. Blazio to trial on this charge was two years. La.Code Crim. Proc. art. 578(2). Under Article 580 of the Code of Criminal Procedure, the filing of a preliminary motion by the defense suspends the prescriptive period until a ruling is rendered, "but in no case shall the state have less than one year after the ruling to commence the trial." A motion to continue trial, filed by the defendant or jointly with the State, constitutes a preliminary plea under Article 580. State v. Forrest, 97-0027, p. 6 (La.App. 4th Cir.10/1/97), 701 So.2d 706, 709, writ denied, 97-2735 (La.2/20/98), 709 So.2d 772, and cases cited therein. When a defendant moves to quash the charges against him due to a violation of Article 578, the State "bears a heavy burden to demonstrate either an interruption or a suspension of the time limit such that prescription will not have tolled." State v. Rome, 93-1221, p. 3 (La.1/14/94), 630 So.2d 1284, 1286 (citations omitted).
*609 In this case, Mr. Blazio concedes that the prescriptive period was suspended pending a final judgment on his motion to suppress the identification.[2] He asserts that notwithstanding this suspension, he should have been tried no later than October 1997, or one year after his last motion to continue. Because all of the continuances after October 1, 1996 were at the State's request, Mr. Blazio maintains that his motion to quash should have been granted.
The State counters that the minute entries for November 12 and 20, 1997 establish that defense counsel failed to appear for court on those dates, despite the erroneous indications that trial was continued by the court and then for the State. Citing State v. Price, 482 So.2d 135 (La.App. 4th Cir.1986), it argues that these failures to appear must be considered as defense continuances that extended the period for trial another year under Article 580. Because the State thus had until November 1998 to commence trial, it contends that the denial of the motion to quash should be affirmed.
Mr. Blazio's motion is facially meritorious. Subtracting the time taken for a final ruling on the motion to suppress, which was approximately nine months, from the three years between indictment and the motion to quash, a trial commenced in April 1998 would still have been three months past the statutory two-year limitation period.[3] Accordingly, the motion to quash must be granted unless the State has carried its burden of proving that the limitations period was extended to November 1998 under Article 580. La.Code Crim. Proc. art. 581.
While the State relies upon the minute entries for November 12 and 20, 1997 to establish the claimed extension, we find the first of these to be ambiguous. While this November 12th entry appears to indicate that Mr. Blazio's trial counsel was not present for the scheduled trial, it also states that the defendant's presence was waived, which would require his attorney's appearance on his behalf. In addition, if defense counsel were not present on that date, then notice should have been requested and issued regarding the status hearing the court set for November 20, 1997. However, neither the text of the minute entry nor the stamp imprinted on the copy in the record reflect the issuance of any notice to appear.
Similarly, we find the minute entry for November 20, 1997 insufficient to establish a one-year extension under Article 580, as claimed by the State. Notably, the matter had not been set for trial on this date, but only for a status hearing. Therefore, the absence of Mr. Blazio's attorney would not constitute a trial delay attributable to the defense. Furthermore, despite counsel's indicated failure to appear, a new trial date was set for January 7, 1998.[4] Thus, whether this hearing was continued due to the absence of the defense attorney or "for the State," as indicated by the minute entry, the setting of a new trial date on November 20, 1997 serves only to end a period of suspension, if any, arising from a November 12th continuance of trial.
Based upon this analysis of the record, the decision on Mr. Blazio's motion to quash clearly rests upon the accuracy of the disputed minute entry for November *610 12, 1997. If in fact his attorney failed to appear for trial on that date, then he impliedly moved for a continuance that would, under Article 580, allow the State another year in which to commence trial. If, however, defense counsel was present and ready for trial on November 12, 1997, then the State's failure to commence trial on the next scheduled date in January 1998 violated the Article 578 limitation and requires that the charges be quashed. Therefore, an evidentiary hearing must be held in the trial court to determine the accuracy of this minute entry. State v. Dorignac, 99-0938 (La.9/24/99), 747 So.2d 1110, reversing 98-0346 (La.App. 4th Cir.3/3/99), 729 So.2d 175.

CONCLUSION
For the reasons assigned, the judgment denying Mr. Blazio's motion to quash the indictment is vacated. The matter is remanded for further proceedings in accordance with this opinion.
JUDGMENT VACATED; REMANDED.
NOTES
[1] The record contains only the Supreme Court's docketing notice for Mr. Blazio's writ application, but the writ denial is reflected in the Southern Second reporter.
[2] In defendant's appellate brief, the period of suspension is claimed to be only from June 26, 1995, when his preliminary motions were filed, to the date of this court's decision on the motion to suppress, January 25, 1996. We note, however, that the period of suspension must include the time when defendant's writ application was pending in the Supreme Court. State v. Brocato, 99-1620 (La.App. 4th Cir.9/15/99), 744 So.2d 178, writ denied, 99-2943 (La.12/17/99), 751 So.2d 883.
[3] Stated otherwise, if nine months are added to the two-year limit, the State was required to commence trial by mid-January 1998.
[4] Again, it appears from the processing stamp on this entry that notices were not issued of the status and trial dates set by the court.