BELSOME, J.,
dissents with reasons.
Lin this case, the Defendant was indicted on November 29, 2001. The trial date was continued on several occasions throughout 2002, including at least one motion to continue filed by the defense in May 2002. The first motion to quash was filed by the defense on May 12, 2003. As the majority notes, there is no indication in the record that the trial court ruled on the May 12, 2003 motion. A second motion to quash was filed on January 27, 2004. Accordingly, the two-year time limitation was suspended until February 17, 2004, when the court ruled on the second motion to quash. La. C. Cr. Pr. art. 580 (“[w]hen a Defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the *209 court thereon”). Article 580 further provides that “in no case shall the State have less than one year after the ruling to commence the trial.” Id. Therefore, the State had until February 2005 to bring the Defendant to trial.
The trial date was continued on several occasions in 2004 by both the State and by the defense. A review of the docket master reflects that the trial was continued on defense motion on March 30, 2004, and again on April 27, 2004 by defense motion, and by joint motion on August 4, 2004. In 2005, the docket master indicates that the trial was continued on defense motion on June 14, 2005, |2and on joint motion on August 23, 2005 to October 18, 2005. This Court has held that “a motion to continue trial, filed by the defendant or jointly with the State, constitutes a preliminary plea under La. C. Cr. P. Art. 580.” State v. Baudier, 2000-1108, p. 11 (La.App. 4 Cir. 5/23/01), 789 So.2d 696, 705 (citing State v. Blazio, 99-0765, p. 3 (La.App. 4 Cir. 3/15/00), 756 So.2d 606, 608).
Finally, when Hurricane Katrina interrupted the prescriptive period in this case, the two-year limitation imposed by Article 578 commenced anew once the causes preventing the State from trying the defendant were removed and the courts reconvened. La. C. Cr. Pr. art. 579(B); State v. Brazile, 2006-1611 (La.App. 4 Cir. 5/30/07), 960 So.2d 333. Therefore, because the facts and circumstances of this particular case evidence that the two-year time limitation had not expired, I must respectfully dissent.