# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #028

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **12th day of May, 2017**, are as follows:

**PER CURIAM**:

2015-K-1845      STATE OF LOUISIANA v. CHAKA STEWART (Parish of Orleans)
    C/W
2015-K-1846      Because we agree that the motions to quash were granted in error,
                 we remand to the trial court for further proceedings consistent
                 with this opinion.
                 AFFIRMED AND REMANDED.

                 JOHNSON, C.J., dissents.
                 HUGHES, J., dissents with reasons.
                 GENOVESE, J., dissents for the reasons assigned by
                 Justice Hughes.

## SUPREME COURT OF LOUISIANA

## No. 2015-K-1845

## CONSOLIDATED WITH

## No. 2015-K-1846

## STATE OF LOUISIANA

## VERSUS

## CHAKA STEWART

## ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FOURTH CIRCUIT, PARISH OF ORLEANS

**PER CURIAM:**

We granted writs to examine the timeliness of a prosecution following defendant's failure to appear in court after receiving actual notice and whether the court of appeal erroneously reversed the trial court's ruling. The trial court granted defendant's motion to quash, finding the prosecution untimely. For the following reasons, we affirm the court of appeal's ruling, which reversed the quashal and found the state has no affirmative duty to locate an absent defendant, and remand these cases to the trial court for further proceedings.

## PROCEDURAL BACKGROUND

On June 29, 2011, defendant was charged by bill of information with one count of possession of marijuana, second offense; one count of possession with intent to distribute heroin; and one count of possession with intent to distribute cocaine. On August 3, 2011, he was charged by a separate bill of information with one count of drag racing resulting in serious bodily injury. The trial court ultimately transferred the drag racing case so as to track the previously filed narcotics case.

Following his appearances for status hearings and pre-trial matters,

defendant received notice—proof of which is in the record—to appear on May 17, 2012. At some point before this date, however, defendant was arrested on federal charges, and thus did not appear as scheduled on May 17, 2012. On that date, a minute entry reflects that defense counsel did appear and announce that defendant was detained in federal custody. The matter was continued, and the minute entry also shows that the state indicated its intent to secure defendant's presence for the next scheduled court date.

On July 23, 2012, the state filed a motion and order for writ of habeas corpus ad prosequendum directed to the United States Marshal Service for the Eastern District of Louisiana, which the trial court granted. No further action was taken on the writ, however, and thus defendant again failed to appear. The matters were continued several times over the course of the following year, with each minute entry indicating again that defendant was in federal custody and that the state was to file a writ to secure his presence.

On July 23, 2013, one year after its first motion, the state filed a second motion and order for writ of habeas corpus ad prosequendum—this time directed to the specific penitentiary in Arkansas where defendant was serving a federal sentence. Still, defendant's absence from court persisted. After several more continuances, the trial court issued an alias capias for defendant in February 2014; and at a bond forfeiture hearing on April 30, 2014, counsel for the surety appeared and advised that defendant was in federal custody in Arkansas, and provided a certificate of incarceration. The matter was continued, and on July 25, 2014, defendant filed a motion to quash all charges on speedy trial grounds, which the trial court granted.

The court of appeal reversed the quashal, because even though the state knew that defendant was in federal custody, the two-year limitations period within

which it had to bring him to trial was interrupted by defendant's initial failure to appear and did not begin to run anew until the surety filed the certificate of defendant's incarceration in Arkansas on April 30, 2014. Thus, the court of appeal found that the state had two years from that date, *i.e.*, until April 30, 2016, to bring defendant to trial. *State v. Stewart*, 15-0135 (La. App. 4 Cir. 9/9/15), 176 So.3d 465;[1] *State v. Stewart*, 15-0136 (La. App. 4 Cir. 9/16/15).

## ANALYSIS

After careful review, we find that the court of appeal reached the correct result. We agree that when defendant failed to appear on May 17, 2012, despite having actual notice that he was required to, the two-year period within which the state was required to bring defendant to trial was interrupted. *See* La.C.Cr.P. art. 578(A)(2). We also agree that in the event of such an interruption, La.C.Cr.P. art. 579(A)(3) does not require the state to search for a defendant who has failed to appear. *State v. Romar*, 07-2140 (La. 7/1/08), 985 So.2d 722. Rather, the limitations period begins to run anew only when the state receives notice of an incarcerated defendant's custodial location. *See, e.g., State v. Baptiste*, 08-2468 (La. 6/23/10), 38 So.3d 247 (limitations period did not begin to run anew until authorities from parish in which defendant was incarcerated contacted authorities where charges were pending and informed them of defendant's custodial status and location).

---

[1] The court of appeal further found that La.C.Cr.P. art. 579(C), which went into effect on August 1, 2013, retroactively applied. Article 579(C) provides that when a defendant fails to appear and is subsequently incarcerated, he must either appear in open court where the charges are pending, or provide the state with one of two specific forms of notice of his custodial location in order for the limitations period to begin running anew. The court found defendant failed to meet those specific notice requirements until April 30, 2014, upon the surety's filing of the certificate of incarceration.

Because it found that the trial court erred in granting the motions to quash, the court of appeal pretermitted the issue of whether the trial court also erred in conducting the hearing on the motion without defendant's presence in court. *Stewart*, 15-0135, p. 5, 176 So.3d at 468.

3

Here, the record indicates that the state had notice of defendant's custodial location by July 23, 2013—when it filed its motion and order for writ of habeas corpus ad prosequendum directed to the *specific penitentiary* in Arkansas where defendant was in federal custody. Before this date, though the record suggests the state had some indication of defendant's general whereabouts, *i.e.*, according to defense counsel's advisement, he was "in federal custody," the state would have had to take affirmative steps to discern defendant's specific location.

As we explained in *Romar*, the state has no affirmative duty to locate an absent defendant. Rather, it was incumbent upon defendant to provide the state with notice of his location to trigger commencement of a new limitations period under La.C.Cr.P. art. 578. *See Romar*, 07-2140, pp. 7–8, 985 So.2d at 727 ("The burden . . . falls not on the state to show that defendant had placed himself outside of its control . . . but on defendant and his sureties to avoid the consequences of his failure to appear. . . [O]ne of those consequences, since 1984, is the interruption of the time limits placed on trial."). Because the record does not show that the state had notice of defendant's custodial location before July 23, 2013, when it filed a writ specifically directed to the Arkansas penitentiary, the trial court erred in granting the motions to quash filed on July 25, 2014.

Unlike the court of appeal, we find it immaterial whether the more specific notice requirements of La.C.Cr.P. art. 579(C) were met, because Subpart C did not go into effect until August 1, 2013, after commencement of the prosecution in this case. Given that Subpart C imposes new substantive obligations on a defendant, and because those obligations impact a defendant's constitutional right to a speedy trial, it does not apply retroactively. This is consistent with the Court's prior decision that La.C.Cr.P. art. 579(A)(3) could not be retroactively applied. *See State v. Groth*, 85-1528 (La. 1986), 483 So.2d 596, 599; *see also State v. Kraft*, 86-0155

(La. App. 5 Cir. 1987), 501 So.2d 313, 315 ("Moreover, since [La.C.Cr.P. art. 579(A)(3)] provides for an additional method for interruption of the prescriptive period, it bears upon a defendant's right to a speedy trial. Thus, [it] should not be given retroactive application in light of the constitutional safeguard of the right to a speedy trial."). Though we maintain that the state has no duty to take affirmative steps to locate an absent defendant, we also note that in circumstances such as these, in which the state has become aware (whether by its own efforts or otherwise) of an absent defendant's location, that awareness is sufficient in a case initiated before Subpart C's effective date to trigger the commencement of a new limitations period. Thus, because the record supports a finding that the state was aware of defendant's custodial location by July 23, 2013, the limitations period of La.C.Cr.P. art. 578 began to run anew on that date.

Moreover, we note that the limitations period has been suspended during the pendency of this litigation following the trial court's rulings on the motions to quash. Though La.C.Cr.P. art. 580 provides that the filing of a motion to quash suspends the limitations period only until the court has ruled on the motion, because the parties have pursued review in the court of appeal and here, the limitations period has been suspended pending finality of this review. La.C.Cr.P. art. 922; *see, e.g.*, *State v. Fish*, 05-1929, p. 4 (La. 4/17/06), 926 So.2d 493, 495 ("[C]ounsel's motion to quash the prosecution on grounds of prescription then suspended that date and continues to suspend it while the appellate courts review the merits of the prescription issue."); *State v. Brocato*, 99-1620 (La. App. 4 Cir. 9/15/99), 744 So.2d 178, 180 ("When the trial court granted relator's first motion to quash, the State could not try relator; and it remained unable to do so until the reversal of the trial court's ruling became final."), *writ denied*, 99-2943 (La. 12/17/99), 751 So.2d 883. Once this ruling becomes final, the law affords the state

5

one year to commence trial on the charges. *See* La.C.Cr.P. art. 580 (though the balance of the new two-year period that commenced July 23, 2013 would have been the 363 days that remained after defendant filed the motions to quash, Art. 580 endows the state with a minimum of one year to commence trial after a suspension of the limitations period).

Because we agree that the motions to quash were granted in error, we remand to the trial court for further proceedings consistent with this opinion.

**AFFIRMED AND REMANDED.**

05/12/17

SUPREME COURT OF LOUISIANA

No. 2015-K-1845

CONSOLIDATED WITH

No. 2015-K-1846

STATE OF LOUISIANA

v.

CHAKA STEWART

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FOURTH CIRCUIT COURT, PARISH OF ORLEANS

**JOHNSON, C.J.**, dissents.

SUPREME COURT OF LOUISIANA

No. 2015-K-1845

CONSOLIDATED WITH

No. 2015-K-1846

STATE OF LOUISIANA

VERSUS

CHAKA STEWART

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FOURTH CIRCUIT, PARISH OF ORLEANS


**Hughes, J., dissenting.**

Respectfully, this case must be distinguished from *State v. Romar* and is much closer to *State v. Baptiste*.

A distinction should be drawn between the situation where a properly noticed defendant voluntarily fails to appear in court (*Romar*) and the current situation where it was *physically impossible* for the defendant to appear because he was in federal custody. This fact was known to all and appears in the minutes of court. The defendant even provided his attorney with an affidavit stating same so that his attorney could continue to represent him in his absence. This is not a situation where the state has no duty to locate a truly "absent" defendant pursuant to *Romar*.

1

SUPREME COURT OF LOUISIANA

No. 2015-K-1845

CONSOLIDATED WITH

No. 2015-K-1846

STATE OF LOUISIANA

VERSUS

CHAKA STEWART

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,

FOURTH CIRCUIT, PARISH OF ORLEANS

**GENOVESE, J., dissents for the reasons assigned by Justice Hughes.**