LILJEBERG, J.
*194 The State of Louisiana appeals the trial court's judgment granting defendant's motion to quash the bills of information filed against him. For the following reasons, we reverse the trial court's judgment, reinstate the bills of information, and remand for further proceedings.
PROCEDURAL HISTORY
On July 21, 2014, the Jefferson Parish District Attorney charged defendant, Germaine Gumms, by two separate bills of information, with possession of methamphetamine, a felony, in violation of La. R.S. 40:967(C), in district court case number 14-3778, and possession of synthetic cannabinoid, a misdemeanor, in violation of La. R.S. 40:966(C), in district court case number 14-3779. Both offenses are alleged to have occurred on March 3, 2014. Defendant pleaded not guilty to both charges.
On August 23, 2017, defendant filed a motion to quash, arguing that the State failed to commence trial of the charged offenses in a timely manner.[1] The State filed a response to defendant's motion to quash, maintaining that the prescriptive period was interrupted, and thus, the prosecution of defendant's alleged crimes had not prescribed.
The following is a timeline of the relevant events leading up to the hearing on the motion to quash.
• March 3, 2014 : the charged offenses were allegedly committed; on the same date, defendant obtained a commercial bond for his release and agreed to appear in court on April 17, 2014 at 9:00 a.m.
• April 17, 2014 : defendant failed to appear in court as instructed; an attachment for defendant's arrest was issued and a judgment forfeiting defendant's bail bond was signed by the Criminal Commissioner.
• May 8, 2014 : certificate of mailing judgment of bond forfeiture was sent to defendant at last known address provided by defendant.
• July 21, 2014 : the State filed bills of information against defendant for possession of methamphetamine (case number 14-3778) and possession of synthetic cannabinoid (case number 14-3779).
• September 19, 2014 : the commercial surety filed a motion to set aside judgment of forfeiture and petition for nullity of judgment, stating that relief is warranted because "within six months of the mailing of the notice of bond forfeiture to the surety company, defendant was incarcerated in Jefferson County, Texas from June 14, 2014 through June 24, 2014;" attached to the surety's motion was a copy of a "Prisoner Jail Record" from "Jefferson Co[.]" providing a sentence start date of "61414" and a sentence expiration date of "62414."
• January 12, 2015 : trial court granted the surety's motion to set aside bond forfeiture; attachment for defendant's arrest remained outstanding.
• May 31, 2017 : attachment was satisfied by arrest of defendant, and recall of attachment was issued; defendant was arraigned on the charged offenses and entered pleas of not guilty; defendant was personally served with a subpoena for his appearance *195 in court for a pre-trial hearing on July 14, 2017.
• August 23, 2017 : defendant filed a motion to quash the bills of information arguing the prosecution against him had prescribed.[2]
On September 21, 2017, the trial court heard the motion to quash. After listening to the arguments of counsel, the trial court granted defendant's motion to quash, finding "the Court believes that once the State is aware of Mr. Gumms's location that they had a duty to go ahead and to ask Texas to produce him or to serve him in Texas." Thereafter, the State filed motions for appeal in both the felony and misdemeanor cases, and they were granted by the trial court. This Court consolidated defendant's appeals on November 17, 2017.
LAW AND DISCUSSION
On appeal, the State argues the trial court erred in granting defendant's motion to quash. It asserts that defendant failed to appear in court on April 17, 2014, pursuant to actual notice, and an attachment for his arrest was issued, causing an interruption to the prescriptive period. The State maintains the attachment against defendant was not satisfied until May 31, 2017, when he was arrested and appeared before the trial court, and thus, prescription did not commence to run anew until the date of his 2017 court appearance, rendering the prosecution of his misdemeanor and felony offenses timely. The State avers that while defendant claimed that notice of his alleged incarceration in Texas was provided to it by the surety via a motion to set aside judgment of forfeiture filed on September 19, 2014, said "notice" did not satisfy the notification requirements of La. C.Cr.P. art. 579(C).
At the hearing and in his motion to quash,[3] defendant conceded that he was provided with actual notice to appear in court on April 17, 2014, and that when he failed to appear, an attachment was issued for his arrest, interrupting the prescriptive period set forth under La. C.Cr.P. art. 578. Defendant argued that the interruption ceased on September 19, 2014, when the State was informed by the surety who issued his bond that the reason for his lack of appearance was due to his incarceration in Texas. Defendant submitted that once the State was made aware that he had been jailed in Texas, it was incumbent upon the State to take the "appropriate steps" to secure his presence. Although the surety's motion indicated defendant had been released from custody on June 24, 2014, it was defendant's contention that the State should have called the Texas Department of Corrections where it would have then learned that defendant was under parole supervision until October 24, 2014. Accordingly, because he was not brought to court in Louisiana until three years after the bills of information were filed against him, defendant averred the State's misdemeanor and felony charges were prescribed.
*196 La. C.Cr.P. art. 532(7) provides that a motion to quash may be based on the expiration of the time limitation for the institution of prosecution or for the commencement of trial. La. C.Cr.P. art. 578(A) provides:
Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
(1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; and
(3) In misdemeanor cases after one year from the date of institution of the prosecution.
Defendant was charged by bills of information filed on July 21, 2014, with possession of methamphetamine, a felony, in violation of La. R.S. 40:967(C), and possession of synthetic cannabinoid, a misdemeanor, in violation of La. R.S. 40:966(C). Therefore, pursuant to La. C.Cr.P. art. 578(A)(2) and (A)(3), trial was required to have commenced within two years from the date of institution of the prosecution for the charge of possession of methamphetamine, and one year from the date of institution of the prosecution for the charge of possession of synthetic cannabinoid. It is well-settled that a prosecution is instituted on the date when the indictment is returned or the bill of information is filed. State v. Smith , 07-959 (La. App. 5 Cir. 3/11/08), 982 So.2d 831, 834. Accordingly, since the bills of information were filed on July 21, 2014, the time limitation for bringing defendant to trial would have expired on July 21, 2015, for his misdemeanor offense, and July 21, 2016, for his felony offense.
However, Louisiana law allows for the interruption of this prescriptive period. State v. Romar , 07-2140 (La. 7/1/08), 985 So.2d 722, 725. La. C.Cr.P. art. 579, amended by Acts 2013, No. 6, § 1, effective August 1, 2013, provides:
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
C. If the defendant fails to appear in court pursuant to any provision of this Article and the defendant is subsequently arrested, the periods of limitations established by Article 578 of this Code shall not commence to run anew until the defendant appears in person in open court where the case on the original charge is pending, or the district attorney prosecuting the original charge has notice of the defendant's custodial location. For purposes of this Paragraph, "notice" shall mean either of the following:
(1) Filing in the court record by either the defendant or his counsel advising the court of his incarceration with a copy provided to the district attorney and certification of notice provided to the district attorney.
*197 (2) Following the seventy-two hour hearing provided by Article 230.1 of this Code, actual notice of arrest is provided to the district attorney and filed in the record of the proceeding of which the warrant against the defendant was issued.
In the present case, it is uncontested that defendant's failure to appear for his April 17, 2014 court date interrupted prescription. The record reveals defendant had actual notice of that hearing as evidenced by his signature on the appearance bond. When defendant failed to appear, the court ordered the forfeiture of defendant's bond, and a warrant for defendant's arrest was issued. The question for this Court to resolve is whether the interruption, which commenced on April 17, 2014, ceased on September 19, 2014 (as suggested by defendant) or when defendant was arrested pursuant to the outstanding warrant on May 31, 2017 (as suggested by the State).
La. C.Cr.P. art. 579(A)(3)"does not impose on the state the affirmative duty to search for a defendant who has failed to appear for trial after receiving actual notice." Romar , 985 So.2d at 726. Rather, the limitations period begins to run anew only when the state receives notice of an incarcerated defendant's custodial location. See, e.g., State v. Baptiste , 08-2468 (La. 6/23/10), 38 So.3d 247 (limitations period did not begin to run anew until authorities from the parish in which the defendant was incarcerated contacted authorities where charges were pending and informed them of the defendant's custodial status and location).
In Romar , supra , the defendant failed to appear for trial, for which he received actual notice, and an attachment for his arrest was issued. Eight years passed before the defendant was arrested on the attachment and appeared in court. The Louisiana Supreme Court explained that an arrest warrant "remains in effect until executed" and "does not become 'stale' with the passage of time." Romar , 985 So.2d at 727. The Court further explained that Louisiana law allows an attachment to remain open and serve as a "trip wire against the day when a defendant again comes to the attention of the authorities." Id. It stated that even though the defendant was arguably "locatable" during the eight years, the State did not have an affirmative duty to search for him. The Court concluded that the period of limitation for bringing the defendant to trial was interrupted and did not run anew until the defendant was arrested on the open attachment and appeared in court. Romar , 985 So.2d at 726-27.
In Baptiste , supra , the defendant failed to appear for a pre-trial conference in a matter in Plaquemines Parish. The defendant was incarcerated in St. Charles Parish subsequent to the issuance of the arrest warrant in Plaquemines Parish. The Louisiana Supreme Court found that the State did not bear a duty to monitor the status of an outstanding arrest warrant in another parish. The Court further found the interruption in the time delays for institution of prosecution ended only when the St. Charles Parish authorities contacted officials in Plaquemines Parish to inform them of the defendant's impending release and their discovery of the arrest warrant against him in their parish.
After Romar and Baptiste were decided, in 2013, the Louisiana Legislature enacted subsection C to La. C.Cr.P. art. 579, imposing more specific notice requirements if a defendant fails to appear in court. Specifically, as previously set forth supra , subsection C, which went into effect prior to the commission of the alleged offenses and the commencement of the 2014 prosecutions in this case, provides:
*198 C. If the defendant fails to appear in court pursuant to any provision of this Article and the defendant is subsequently arrested, the periods of limitations established by Article 578 of this Code shall not commence to run anew until the defendant appears in person in open court where the case on the original charge is pending, or the district attorney prosecuting the original charge has notice of the defendant's custodial location . For purposes of this Paragraph, "notice" shall mean either of the following:
(1) Filing in the court record by either the defendant or his counsel advising the court of his incarceration with a copy provided to the district attorney and certification of notice provided to the district attorney.
(2) Following the seventy-two hour hearing provided by Article 230.1 of this Code, actual notice of arrest is provided to the district attorney and filed in the record of the proceeding of which the warrant against the defendant was issued .
(Emphasis added).
In the present case, we find the trial court erred in granting defendant's motion to quash when it found that the State was "aware of [defendant's] location and they had a duty to go ahead and ask Texas to produce him or serve him in Texas[,]" for several reasons. First, after defendant failed to appear on April 17, 2014, none of the mandatory notice requirements set forth under La. C.Cr.P. art. 579(C) to supply the State with defendant's actual custodial location were met. Here, the only documentation filed into the court record was that provided by the surety in September 2014 indicating defendant's release from incarceration in Texas in June 2014. Such documentation does not comply with either subpart C (1) or (2), supra .
The Louisiana Supreme Court's opinion in State v. Stewart , 15-1845 c/w 15-1846 (La. 5/12/17), 219 So.3d 306 (per curiam), also provides guidance in this matter, even though the Court determined in that case that La. C.Cr.P. art. 579(C) was inapplicable, because the alleged offense and commencement of prosecution had begun prior to its effective date, August 1, 2013. In its analysis, the Court noted that in cases in which the State has become aware of an absent defendant's location, "that awareness is sufficient in a case initiated before Subpart C's effective date to trigger the commencement of a new limitations period." (Emphasis added). Stewart , 219 So.3d at 309. This language suggests that mere awareness of an absent defendant's location is insufficient in cases initiated after subpart C's 2013 effective date for purposes of triggering the commencement of a new limitations period. Rather, certain specific documentation as set forth under La. C.Cr.P. art. 579(C)(1) and (2) must be filed into the record of the court to initiate the commencement of a new period of limitations. The Court further reiterated that, "[a]s we explained in Romar , the state has no affirmative duty to locate an absent defendant." Id. at 308.
Second, regardless of the noncompliance with the more specific notice requirements of La. C.Cr.P. art. 579(C), the surety's motion to set aside judgment of forfeiture filed on September 19, 2014, in which it attached evidence of defendant's alleged incarceration, does not provide the State with a general awareness of defendant's location. The surety's documentation does not contain any information on defendant's actual custodial location or of his whereabouts either at the time he failed to appear in court in April of 2014 or at the time of the filing of the September 2014 *199 motion to set aside judgment of bond forfeiture. Specifically, attached to the surety's motion was a "Prisoner Jail Record" from "Jefferson Co[.]" appearing to indicate that defendant was released from incarceration in Texas after having served a sentence at some unidentified location in Texas from June 14-24, 2014. Here, the prison jail record provided by the surety in this case does not constitute sufficient "notice," having only provided that defendant was released from a Texas prison in June of 2014.
Further, we note that defendant argued in his motion to quash that after the State received the surety's "notice" regarding his June 2014 incarceration in Texas, he was "locatable" by means of a "simple phone call" to the Texas Department of Corrections, which would have revealed he was under parole supervision until October 24, 2014. However, this would have required the State to take affirmative steps to determine his location, which, as explained in Romar and reiterated in Baptiste and Stewart , the State is not required to do.
Accordingly, we find the trial court abused its discretion by granting defendant's motion to quash. Pursuant to La. C.Cr.P. art. 579(A)(3), interruption commenced on April 17, 2014, when defendant failed to appear in court and did not commence to run anew until his arrest on May 31, 2017. As such, neither defendant's felony nor his misdemeanor charges have prescribed.[4]
ERRORS PATENT
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5 Cir. 1990). No errors requiring corrective action were noted.
DECREE
For the foregoing reasons, we reverse the trial court's judgment granting defendant's motion to quash, reinstate the bills of information in both cases, and remand for further proceedings.
JUDGMENT REVERSED; BILLS OF INFORMATION REINSTATED; CASE REMANDED.

Defendant originally filed his motion to quash only in the felony case. He later adopted the motion to quash in the misdemeanor case.

Defendant attached to his motion to quash a letter dated November 6, 2014, from the Texas Department of Criminal Justice, certifying that defendant was convicted of possession of cocaine in Jefferson County, Texas, and sentenced on October 24, 2012, to two years imprisonment. It indicated that defendant was released to mandatory supervision on September 27, 2013, and was "discharged" from supervision on October 24, 2014. This information was not provided to the State prior to the filing of defendant's 2017 motion to quash. It is further noted that the offenses in this case allegedly occurred on March 3, 2014, while defendant was under the supervision of the State of Texas.

Defendant has not filed an appellee brief in response to the State's arguments on appeal. Thus, we note only his arguments in trial court.

It is noted that although La. C.Cr.P. art. 580 provides that the filing of a motion to quash suspends the limitations period only until the court has ruled on the motion, because the parties have pursued review with this Court, the limitations period has been suspended pending finality of review. Stewart , 219 So.3d at 309, citing La. C.Cr.P. art. 922.