STATE OF LOUISIANA * NO. 2019-KA-0441

VERSUS * COURT OF APPEAL

JUSTIN MARSHALL * FOURTH CIRCUIT

* STATE OF LOUISIANA

*

*

* * * * * * *

**LOVE, J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent from the majority. Unlike the majority, I would reverse and remand the matter for a hearing to clarify the State's knowledge as to the whereabouts of Mr. Marshall, in that I find the record contains contradictory information.

The Louisiana Supreme Court, in *State v. Stewart*, 15-1845, 15-1846, p. 3 (La. 05/12/2017), 219 So. 3d 306, 308, provided that "the limitations period begins to run anew only when the state receives notice of an incarcerated defendant's custodial location." The majority contends that the State had notice of Mr. Marshall's custodial location on December 7, 2006, because it filed a "*habeas corpus ad prosequendum* directing the Warden of JPP to produce" Mr. Marshall for a December 18, 2006 hearing. However, I find the record unclear as to the State's knowledge on December 7, 2006.

The controlling jurisprudence of *Stewart* is based upon the knowledge of the State or rather when they receive "notice of an incarcerated defendant's custodial location." 15-1845, 15-1846, p. 3, 219 So. 3d at 308. In *Stewart*, the Court found that the second *habeas corpus* actually directed to the location holding the defendant, issued more than a year after the first *habeas corpus*, was sufficient "to trigger the commencement of a new limitations period." *Id*., 15-1845, 15-1846, p.

1

5, 219 So. 3d at 309. Thus, the Court chose the date of the issuance of the *habeas corpus* that was sent to the specific location of the defendant and not the issuance date of any previous incorrect *habeas corpus*. *Id.*

The court minutes for December 7, 2006 indicate the following:

> DEFENSE COUNSEL JAMES JOHNSON APPEARED ON BEHALF OF DEFENDANT, JUSTIN C MARSHALL, FOR TRIAL, DEFENDANT DID NOT APPEAR.
>
> THE DEFENDANT IS IN THE CUSTODY OF THE SHERIFF AND WAS NOT BROUGHT INTO OPEN COURT.
>
> -STATE FILED MOTION AND ORDER FOR WRIT OF HABEAS CORPUS PROSEQUENDUM.
>
> **PRE-TRIAL CONFERENCE IN THIS MATTER IS SET FOR 12/18/06.**
>
> PLACE THE DEFENDANT ON THE JAIL LIST.

On December 18, 2006, the court minutes reflect:

> DEFENSE COUNSEL JAMES JOHNSON APPEARED ON BEHALF OF DEFENDANT. JUSTIN C MARSHALL. FOR PRE-TRIAL CONFERENCE; DEFENDANT DID NOT APPEAR.
>
> THE DEFENDANT IS IN THE CUSTODY OF THE SHERIFF AND WAS NOT BROUGHT INTO OPEN COURT.
>
> THE STATE FILED:
> -MOTION AND ORDER FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM.
>
> PRE-TRIAL CONFERENCE IN THIS MATTER IS SET FOR 01/10/07.
>
> PLACE THE DEFENDANT ON THE JAIL LIST.

Thereafter, the State received notice from Jefferson Parish that Mr. Marshall was not in its custody.

At a minimum, the court minutes contain conflicting information regarding Mr. Marshall's location. On December 7, 2006, the trial court stated that Mr.

Marshall was in the custody of the sheriff and placed him on the jail list. However, that same date, the State issued a writ of *habeas corpus ad prosequendum* (*habeas corpus*). If Mr. Marshall was in fact in the custody of the sheriff such that he could be placed on the jail list, there would be no need for the State to issue a *habeas corpus*. Subsequently, on December 18, 2006, the trial court minutes again reflect that Mr. Marshall was in the custody of the sheriff, but was not brought into court. He was placed on the jail list. Conversely, and once again, the minutes also indicate that the State filed another *habeas corpus*. After filing this *habeas corpus*, the State was notified that Mr. Marshall was not in the custody of Jefferson Parish.

Given the contradictory information contained in the court minutes, it is unclear what information the State and/or trial court had regarding Mr. Marshall's whereabouts and when. Therefore, I would reverse and remand the matter to the trial court for a hearing to clarify the State's knowledge as to the whereabouts of Mr. Marshall. Furthermore, I would direct the trial court to conduct analysis in accordance with *Stewart*.