# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## NO. 2020 KA 0145

STATE OF LOUISIANA

VERSUS

JOSEPH B. SCHMIDT

Judgment Rendered: **MAR 1 1 2021**

* * * * *

On Appeal from the
22nd Judicial District Court
Parish of St. Tammany, State of Louisiana
No. 235312

The Honorable Raymond S. Childress, Judge Presiding

* * * * *

Warren L. Montgomery
District Attorney
Matthew Caplan
Assistant District Attorney
Covington, Louisiana

Counsel for the State of Louisiana

Mary Watson Smith
Metairie, Louisiana
and
Roy K. Burns, Jr.
Lam M. Tran
Covington, Louisiana

Counsel for Defendant/Appellee,
Joseph B. Schmidt

* * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**WOLFE, J.**

The State of Louisiana appeals the trial court's judgment granting the defendant's motion to quash the bill of information. We affirm.

## FACTS

The defendant, Joseph B. Schmidt, was charged by bill of information with three counts of molestation of a juvenile, violations of La. R.S. 14:81.2. The defendant pled not guilty, and a trial date was set. The defendant failed to appear for trial, and an attachment was issued for his arrest. Five years later, the defendant was arrested and again failed to appear for court. An attachment was issued for his arrest. Almost fourteen years later, the defendant was arrested in Texas on unrelated charges. The defendant was then released by Texas authorities because Louisiana had no authority to extradite the defendant to Louisiana. Over four years later, the defendant was again arrested in Texas. By this time, the extradition laws were amended and expanded, and the defendant was arrested and brought to Louisiana after waiving extradition. The defendant filed a motion to quash the bill of information, arguing that the time limitation for bringing him to trial had elapsed. Following a hearing on the matter, the trial court granted the motion to quash.

## DISCUSSION

In its sole assignment of error, the State contends the trial court erred in granting the defendant's motion to quash the bill of information, arguing that the time limitations for bringing the defendant to trial had not elapsed.

A trial court's ruling on a motion to quash should not be reversed in the absence of a clear abuse of the trial court's discretion. See **State v. Love**, 2000-3347 (La. 5/23/03), 847 So.2d 1198, 1206. A trial court's legal findings, however, are subject to a *de novo* standard of review. See **State v. Smith**, 99-0606, 99-2015, 99-2019, 99-2094 (La. 7/6/00), 766 So.2d 501, 504.

Time limits on the commencement of trials that are based upon the classification of the offense are mandated by La. Code Crim. P. art. 578, which provides:

> A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
>
> (1) In capital cases after three years from the date of institution of the prosecution;
>
> (2) In other felony cases after two years from the date of institution of the prosecution; and
>
> (3) In misdemeanor cases after one year from the date of institution of the prosecution.
>
> B. The offense charged shall determine the applicable limitation.

The State instituted prosecution against the defendant on November 4, 1994 in St. Tammany Parish. Pursuant to La. Code Crim. P. art. 578(A)(2), the State had two years from that date to commence trial, unless that time period was interrupted by a cause provided for in La. Code Crim. P. art. 579, which provides:

> A. The period of limitation established by Article 578 shall be interrupted if:
>
> (1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
>
> (2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
>
> (3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears in the record.
>
> B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
>
> C. If the defendant fails to appear in court pursuant to any provision of this Article and the defendant is subsequently arrested, the periods of limitations established by Article 578 of this Code shall not commence to run anew until the defendant appears in person in open court where the case on the original charge is pending, or the district attorney prosecuting the original charge has notice of the defendant's custodial location. For purposes of this Paragraph, "notice" shall mean either of the following:

3

(1) Filing in the court record by either the defendant or his counsel advising the court of his incarceration with a copy provided to the district attorney and certification of notice provided to the district attorney.

(2) Following the seventy-two hour hearing provided by Article 230.1 of this Code, actual notice of arrest is provided to the district attorney and filed in the record of the proceeding of which the warrant against the defendant was issued.

In May of 1995, when the defendant failed to appear for trial, the time limitation for bringing him to trial was interrupted. See La. Code Crim. P. art. 579(A)(3). In August of 2000, the defendant was arrested, and the time limitation under La. Code Crim. P. art. 579(B) for bringing the defendant to trial began to run anew. In November of 2000, when the defendant failed to appear for court, the time limitation for bringing him to trial was again interrupted.

Almost fourteen years later, in February of 2014, the defendant's whereabouts became known to the St. Tammany Parish Sheriff's Office when the defendant was arrested in Texas for driving without a license and possession of drug paraphernalia. While there was still an active warrant for the defendant's arrest in Louisiana, the St. Tammany Parish Sheriff's Office informed Texas authorities that Texas was outside of Louisiana's authorized extradition limits. The defendant was subsequently released by Texas authorities.

In April of 2019, the defendant was again arrested in Texas. By this time, a change in the law had included Texas within the extradition limits of Louisiana. The defendant waived extradition and was brought to Louisiana. In May of 2019, the defendant was booked in the St. Tammany Parish Jail. Thereafter, the defendant filed the motion to quash the bill of information for failure to timely prosecute.

The issue at the motion to quash hearing was the addition of Paragraph (C) to La. Code Crim. P. art. 579, which took effect on August 1, 2013. See 2013 La. Acts No. 6, § 1. The time period at issue was between February of 2014, when St.

4

Tammany Parish authorities had notice of the defendant's whereabouts, and April of 2019, when the defendant was brought back to Louisiana and jailed.

If La. Code Crim. P. art. 579(A)(3) applies, then the two-year period the State had for bringing the defendant to trial expired because on February 5, 2014, the St. Tammany Parish authorities had actual notice of the defendant's location (in a Texas jail). That is, the period of limitation commenced to run anew on February 5, 2014, and the State had until February 5, 2016 to bring the defendant to trial, which it failed to do. See La. Code Crim. P. art. 579(B); **State v. Baptiste**, 2008-2468 (La. 6/23/10), 38 So.3d 247, 248.

If, on the other hand, La. Code Crim. P. art. 579(C) applies, the two-year period to prosecute has not expired because, in February of 2014, the cause of interruption still existed. That is, neither of the triggering events of Article 579(C)(1) or (C)(2) has occurred; thus, under either subparts (C)(1) or (C)(2), the State did not have notice of the defendant's custodial location, and interruption continued. It was only on May 10, 2019, when the defendant appeared in person in open court in Louisiana for the seventy-two hour hearing provided by La. Code Crim. P. art. 230.1, that the State had "notice" of the defendant's location. See La. Code Crim. P. art. 579(C)(2). Thus, according to the State, it had until May 10, 2021 to bring the defendant to trial.

Since La. Code Crim. P. art. 579(C) took effect on August 1, 2013, and February of 2014 became the first time the defendant's location became known by authorities after thirteen years, the State argued that Article 579(C) controlled. The defendant argued that the date of prosecution in 1994 determined which law applied; and since La. Code Crim. P. art. 579(C) was not in effect at that time, La. Code Crim. P. art. 579(A)(3) and (B) applied, and time limitations for prosecution had run. The defendant further argued that La. Code Crim. P. art. 579(C) could not be applied retroactively to his case.

In **State v. Stewart**, 2015-1845, 2015-1846 (La. 5/12/17), 219 So.3d 306 (*per curiam*), our supreme court considered the retroactivity of La. Code Crim. P. art. 579(C) to a case that involved a prosecution instituted in June of 2011, prior to the passage of Article 579(C). In finding that Article 579(C) could not be retroactively applied, the court stated:

> Unlike the court of appeal, we find it immaterial whether the more specific notice requirements of La.C.Cr.P. art. 579(C) were met, because Subpart C did not go into effect until August 1, 2013, after commencement of the prosecution in this case. Given that Subpart C imposes new substantive obligations on a defendant, and because those obligations impact a defendant's constitutional right to a speedy trial, it does not apply retroactively. This is consistent with the Court's prior decision that La.C.Cr.P. art. 579(A)(3) could not be retroactively applied. *See State v. Groth*, 85-1528 (La. 1986), 483 So.2d 596, 599; *see also State v. Kraft*, 86-0155 (La. App. 5 Cir. 1987), 501 So.2d 313, 315 ("Moreover, since [La.C.Cr.P. art. 579(A)(3)] provides for an additional method for interruption of the prescriptive period, it bears upon a defendant's right to a speedy trial. Thus, [it] should not be given retroactive application in light of the constitutional safeguard of the right to a speedy trial."). Though we maintain that the state has no duty to take affirmative steps to locate an absent defendant, we also note that in circumstances such as these, in which the state has become aware (whether by its own efforts or otherwise) of an absent defendant's location, that awareness is sufficient in a case initiated before Subpart C's effective date to trigger the commencement of a new limitations period. Thus, because the record supports a finding that the state was aware of defendant's custodial location by July 23, 2013, the limitations period of La.C.Cr.P. art. 578 began to run anew on that date.

**Stewart**, 219 So.3d at 309.

At the motion to quash hearing, the State conceded that **Stewart** controlled the instant matter and informed the trial court, "[s]o I think The Court is compelled, pursuant to the **Stewart** case, to grant The Defendant's Motion to Quash." The State noted, however, that it thought the supreme court was wrong. Similarly, the State concedes in its brief that the trial court and this court are likely bound by the controlling law of **Stewart**. The State nevertheless suggests it is making a good faith argument for the reversal of existing law so that, in a procedurally proper manner, it may ask the Louisiana Supreme Court to reverse itself. In a footnote, the State notes, "this Court is not empowered to reverse rulings of the Louisiana Supreme Court.

6

The State is nevertheless compelled to present this argument to this Court in order to preserve it for review at the Louisiana Supreme Court." The State in brief then argues that the pronouncements of the **Stewart** Court notwithstanding, La. Code Crim. P. art. 579(C) did not impact the defendant's right to a speedy trial, that the **Stewart** Court misconstrued the meaning of retroactivity, and that Article 579(C) is a procedural rule and therefore applies retroactively.

As the State correctly recognized, trial and appellate courts are bound to follow decisions of the supreme court, particularly those dispositive of the precise issue before us. <u>See</u> **Oliver v. Magnolia Clinic**, 2011-2132 (La. 3/13/12), 85 So.3d 39, 44. Consequently, following the precedent of **Stewart**, we find no error or abuse of discretion in the trial court's judgment granting the motion to quash.

**AFFIRMED.**